OPINION
Defendant-appellant Curtis J. Bryant appeals the February 18, 2000 Judgment Entry of the Coshocton County Court of Common Pleas which adopted the October 14, 1999 Magistrate's Decision and overruled appellant's objections to said Decision. Plaintiff-appellee is Wanda J. Bryant.
 STATEMENT OF THE CASE AND FACTS
The parties were married on October 4, 1965, and three children were born as issue of the marriage. All of the children are now emancipated. In a July 30, 1997 Judgment Entry, the trial court granted the parties a divorce. The July 30, 1997 Judgment Entry ordered appellant to pay appellee spousal support in the sum of $2,680 per month, plus poundage, for a period of 95 months. The judgment entry contained the following language: * * *
To allow for potential change of circumstances on the part of either party, the court specifically retains authority to modify the amount and terms of spousal support pursuant to R.C. 3105.18(E). In connection with the award of spousal support entered herein, the court makes the following findings of fact and conclusions of law set forth below:
 * * * Husband is able to continue his employment * * *. He has no reason to believe that his job will be terminated or that he would be seeking employment elsewhere. Other than voluntary action on his part, there is no reason to believe that husband's employment will not continue. Husband has the ability to continue to earn at the same level as he has in the past.
 * * * He is not currently under the care of any treating physician or health care provider. He is physically, mentally, and emotionally capable of continuing his employment and despite his stated desire to retire on August 1, 1997, [at age 51] and will have his traditional employment with brother's mining company available to him.
July 30, 1997 Judgment Entry at 9-13.
On April 1, 1999, appellant filed his Motion to Terminate and/or Modify Spousal Support Obligation, alleging a substantial change of circumstances since the court had established the prior spousal support award. A magistrate conducted a hearing on the motion on May 26, 1999; June 7, 1999; and October 5, 1999. At the hearing, appellant testified his work had caused him to become exhausted, physically and emotionally, and had caused him to suffer depression and anxiety. Because of these factors, appellant retired on June 30, 1999, and moved to Kentucky. Further, appellant testified both parties contemplated his retirement at age 51, both before and at the time of the divorce. Gary Wolfgang, a clinical counselor for the Ohio Psychiatric Associates also testified at the hearing. Mr. Wolfgang treated appellant six times in the early part of 1999. Mr. Wolfgang opined appellant suffered from moderate depression. However, after appellant was treated with medication and therapy, Mr. Wolfgang noticed an improvement in his symptoms. In fact, appellant reported he went to work every day and was doing a good job. Mr. Wolfgang never made any recommendation appellant give up his job or that it was psychologically necessary for appellant to terminate his employment. In an October 14, 1999 Magistrate's Decision, the magistrate found appellant failed to prove a substantial change of circumstances since the decree of divorce. The magistrate noted appellant's work, though demanding, was the same or similar to appellant's work at the time of the divorce trial. The magistrate also noted appellant's testimony he had not enjoyed his job for the past ten years, but found this testimony created a question as to whether appellant's depression may have begun much sooner than the two years following the divorce. Notwithstanding the timing of the depression, the magistrate found appellant had been successfully treated for the depression and was physically and mentally able to work. Accordingly, the magistrate found appellant's retirement was an involuntarily decrease in his wages and did not constitute a substantial change of circumstances. In a February 18, 2000 Judgment Entry, the trial court overruled appellant's objections to the magistrate's decision and adopted the magistrate's October 14, 1999 Decision. It is from this judgment entry appellant prosecutes his appeal, assigning the following error:
 THE TRIAL COURT'S DECISION NOT TO MODIFY AND/OR TERMINATE THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION IS CONTRARY TO LAW, CONSTITUTES AN ABUSE OF DISCRETION BY THE TRIAL COURT, AND IS NOT SUPPORTED BY AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his sole assignment of error, appellant maintains the trial court's decision was contrary to law and unsupported by the evidence presented at the hearing. We disagree. Modifications of spousal support are reviewable under an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 541 N.E.2d 1028. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997),120 Ohio App.3d 488, 491, 698 N.E.2d 459, citing Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. See R.C. 3105.18(E). In order to constitute a basis for modifying spousal support, the change of circumstances that is required must be material and not purposely brought about by the moving party and not contemplated at the time the parties entered into the prior agreement or order. Roberson v. Roberson (Nov. 29, 1993), Licking App. No. 93-CA-42, unreported. We find no abuse of discretion in the trial court's decision to deny appellant's motion to modify spousal support. The evidence at the hearing supported the trial court's conclusion appellant was medically and emotionally able to work. Further, because appellant's desired retirement date was contemplated at the divorce trial, we find no abuse of discretion in the trial court's finding no change in circumstances sufficient to warrant a modification. Appellant's sole assignment of error is overruled.
The February 18, 2000 Judgment Entry of the Coshocton County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Wise, J. concur