**MOORE, Appellee,**

v.

**MOORE, Appellant.**

[Cite as *Moore v. Moore* (1997), 120 Ohio App.3d 488.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18096.

Decided June 4, 1997.

*William M. Sremack*, for appellee.

*Richard V. Zurz* and *Darren W. DeHaven*, for appellant.

DICKINSON, Presiding Judge.

Defendant, John Moore, has appealed from a judgment of the Summit County Common Pleas Court, Domestic Relations Division, that adopted a magistrate's

report and recommendation. He has argued (1) that the trial court incorrectly failed to terminate or reduce its prior award of spousal support to plaintiff, Marlene Moore, and (2) that the trial court incorrectly ordered him to secure the spousal support obligation with a life insurance policy. This court reverses the trial court's order insofar as it included a requirement, to be imposed at Mrs. Moore's option, that Mr. Moore secure his spousal support obligation with a policy of life insurance. This court affirms the trial court's order in all other respects.

## I

John and Marlene Moore were granted a divorce on September 27, 1993, following a twenty-four-year marriage. As part of the divorce decree, the trial court ordered Mr. Moore to pay monthly spousal support and to secure that obligation with "a life insurance policy in the amount of $100,000 naming [Mrs. Moore] as irrevocable beneficiary[.]" The trial court explicitly reserved jurisdiction to modify the spousal support award upon a showing of changed circumstances. Neither party appealed the trial court's judgment.

On February 13, 1995, Mr. Moore moved to terminate or modify spousal support, maintaining that there had been a change of circumstances. Specifically, he asserted that Mrs. Moore's income had substantially increased while her monthly expenses had decreased. Ten days later, Mrs. Moore moved the trial court for an order holding Mr. Moore in contempt for failing to secure his spousal support obligation with a life insurance policy. A hearing on both issues was held before a magistrate.

Although the magistrate determined that Mrs. Moore's income had increased and her monthly expenses had decreased, he did not conclude that this change constituted a substantial change of circumstances. The magistrate found Mr. Moore to be in contempt for failing to secure his spousal support obligation with a policy of life insurance as previously ordered by the court. Regarding Mr. Moore's current ability to secure the obligation with a life insurance policy, however, the magistrate found that there had been a substantial change in circumstances. Due to a medical condition, Mr. Moore had been "rated" and was able to purchase life insurance only at a premium price that was more than double the standard rate. The magistrate, therefore, modified Mr. Moore's spousal support obligation as follows:

"Spousal support is thus modified so that [Mrs. Moore] has the option of continuing to receive $475 per month spousal support with no insurance required of [Mr. Moore] or, at [Mrs. Moore's] option, she shall receive the sum of $450 per month with [Mr. Moore] to provide the insurance as previously ordered. [Mrs. Moore] shall notify [Mr. Moore] of her choice within 30 days of this order."

The trial court adopted the magistrate's report but provided that the order would be stayed upon the filing of objections by either party. Mr. Moore filed objections to the magistrate's report, asserting, among other things, that the magistrate incorrectly failed to modify or terminate spousal support and incorrectly ordered him to secure his obligation with life insurance. The trial court overruled his objections. Mr. Moore timely appealed to this court.

II

A

Mr. Moore's first assignment of error is that the trial court incorrectly failed to reduce or terminate his obligation to pay spousal support to Mrs. Moore. Because the trial court expressly reserved jurisdiction to modify this award of spousal support, it had authority, pursuant to R.C. 3105.18(E)(1), to modify the award upon a showing of changed circumstances.

 Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made. *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625, 626–627. The requisite change must be a drastic change in the economic situation of either party. *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 419, 75 O.O.2d 474, 485, 350 N.E.2d 413, 425–426. After making this threshold determination, the court may proceed to examine the appropriateness of the existing award. *Leighner, supra.*

 Mr. Moore has asserted that the trial court incorrectly failed to find a substantial change of circumstances here because, since the divorce, Mrs. Moore's annual income had increased from $11,444 to $16,120, while her monthly expenses had decreased from $1,969 to $1,402. This change of circumstances, however, would have been within the contemplation of the parties at the time of the divorce. At that time, Mrs. Moore had only recently reentered the workforce, in an entry level position, and was earning not much more than minimum wage. The trial court found that the parties' joint decision that Mrs. Moore stay home and care for her family had "adversely [a]ffected her income production capacity now." The trial court's judgment implicitly contemplated that Mrs. Moore's earning potential would increase with time and experience.

 Moreover, the trial court's award of spousal support was based in large part on the fact that Mr. Moore's earning capacity greatly exceeded Mrs. Moore's. Even though Mrs. Moore's income increased over the next few years, it was still substantially less than his. The continued existence of a substantial gap between the incomes of the parties tends to support the trial court's decision not

to modify the spousal support award. See *Fallang v. Fallang* (1996), 109 Ohio App.3d 543, 549, 672 N.E.2d 730, 734.

At the time of the divorce, the parties also would have contemplated that Mrs. Moore's monthly expenses would decrease. At that time, the Moores were overburdened with debt. The trial court, consequently, ordered that the marital residence be sold and that the proceeds be divided after they were used to pay off the marital debt. Prior to the sale of the residence, however, both parties inevitably had high monthly expenses because they were required to make payments on all debts, including the first and second mortgages on the residence. After the residence was sold and the proceeds were applied to the marital debts, the basic monthly expenses of both parties naturally decreased.

The trial court did not err in failing to reduce or terminate Mr. Moore's monthly spousal support obligation. Mr. Moore's first assignment of error is overruled.

## B

■ Mr. Moore's second assignment of error is that the trial court incorrectly ordered him to secure his spousal support obligation with a policy of life insurance. This assigned error seems to be a challenge to the trial court's September 27, 1993 order, not the 1996 order that modified that requirement. Because the trial court's 1993 order was litigated to finality, Mr. Moore is estopped from raising any challenge to the propriety of that order. See *Gross v. Gross* (1990), 64 Ohio App.3d 815, 819, 582 N.E.2d 1144, 1146–1147.

Although this court cannot pass on the propriety of the original order, the trial court's 1996 modification of this aspect of the spousal support award is reviewable in this appeal. The trial court found that there had been a substantial change in circumstances regarding Mr. Moore's ability to secure his spousal support obligation with a life insurance policy, due to his high risk rating. Once the trial court found a substantial change of circumstances, it proceeded to review the propriety of that requirement. See *Leighner*, 33 Ohio App.3d 214, 515 N.E.2d 625.

■ As Mr. Moore has correctly asserted, when an award of spousal support is terminable upon the death of the obligor, as it is here, the trial court errs in ordering the obligor to secure the obligation with an insurance policy on his life. *Sergi v. Sergi* (July 31, 1996), Summit App. No. 17476, unreported, at 22, 1996 WL 425914. Because the trial court reviewed the propriety of the requirement that Mr. Moore continue to secure his obligation with life insurance, it was compelled to find this requirement contrary to law. The trial court incorrectly failed to remove the condition that Mr. Moore secure his spousal support

obligation with a policy of life insurance. Mr. Moore's second assignment of error is sustained as it pertains to the trial court's 1996 modification order.

## III

Mr. Moore's first assignment of error is overruled. His second assignment of error is sustained in part. The judgment of the trial court is reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

REECE, J., concurs.

QUILLIN, J., concurs in judgment only.