OPINION
Phyllis A. Neeley, (hereinafter "Phyllis") is appealing from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, modifying her spousal support award from her former husband and appellee, Gary N. Neeley, (hereinafter "Gary") from $770 a month to $570 a month for fifteen years. (Judgment entry, May 17, 2000).
Phyllis and Gary obtained a divorce on December 4, 1998. In the final decree, Phyllis was awarded a spousal support award of $770 a month for fifteen years. Gary appealed this decree of spousal support arguing that the spousal support award of the lower court was excessive. Specifically, Gary alleged that Phyllis had significantly higher income than she had reported to the I.R.S. or the trial court from her home business, Home Interior Products, which is a "Mary Kay" type of business. This Court affirmed the trial court's decision on August 6, 1999. Neeleyv. Neeley (Aug. 6, 1999), Greene App. No. 98-CA-135, unreported, (NeelyI).
On October 25, 1999, Gary moved for a reduction in his spousal support obligation because he had suffered a substantial reduction in pay. Gary is employed by Miller Brewing Company. At the time of the divorce, Gary earned an annual income of $58,000.00 which by 1999 had risen to $72,471.00. However, the majority of this increase was due to additional amounts of overtime that Gary worked, which he would no longer be able to work resulting in a lesser projected income of $62,724.00. Also, Phyllis had received a raise of approximately $4,000.00 in her job at a doctor's office.
 Already pending before the court was a motion to show cause filed by Phyllis on September 27, 1999 alleging failure on the part of Gary to comply with prior orders of the court. The magistrate held a hearing on December 8, 1999 on Phyllis' motion before the court and delayed Gary's motions to a later hearing. A second hearing was held on January 28, 2000, which addressed Gary's motion for a reduction in spousal support. At this hearing Gary offered evidence of his projected reduction in income and Phyllis testified regarding her income. Phyllis stated that her annual income from her employment at a doctor's office had risen from $19,656.00 to approximately $230,000.00. Additionally, she testified that her total profits reported on her 1998 tax return from her Home Interior business was $144.00. (Feb. 18, 2000, Tr. 37). During cross examination the following exchange occurred:
 (Gary's attorney) Q. And last year, meaning 1998, in your Home Interior [P]roducts you sold or grossed $13,246.49?
(Phyllis) A. That's my, what I sent the company, yes.
(Feb. 18, 2000, Tr. 35).
No evidence was offered at the hearing as to Phyllis' 1999 self employment income.
In his decision on February 2, 2000, the magistrate found that Gary would be earning substantially less in the future than he earned in 1999, but that this amount was a slight increase since the time of the final hearing on the divorce. The magistrate did not find that this was a substantial change in circumstances warranting a review of spousal support.
In addition, the magistrate found that Phyllis had an annual income of $23,000.00 from her job at the doctor's office, a nearly $4,000 increase since the final divorce decree. However, the magistrate also found the self employment income from her Home Interior business was $13,246.49 in 1999.[1] The magistrate held that since Phyllis did not have similar self employment income at the time of the Final Judgment and Decree of Divorce, the increase was a change of circumstances under R.C. 3105.18
(F) meriting a modification of the spousal support. The magistrate found that Phyllis had "significantly more income than she did in 1998" due to her self employment. Doc. 108, 4. The magistrate noted that her profit from her self employment in 1997 was $5.00 and in 1996 was $75.00, but found that in 1999, she had a self employment income of nearly $14,000.00. Thus, the magistrate reduced Phyllis' spousal support from $770 a month to $570 a month for fifteen years.
Phyllis filed objections to the magistrate's decision stating that no evidence existed for the magistrate's finding of self employment income for Phyllis of $13,246.49 in 1999. The trial court overruled the objections to the magistrate's decision and approved and adopted the magistrate's decision. The court stated the following rationale for its decision:
 The Plaintiff testified that she sent $13,246.00 to the Home Interior Co. for the calendar year, 1998. She also testified that a profit of $144.00 was reported on her 1998 federal tax return. It is unreasonable to conclude that one would commit the time and effort needed to gross $13,246.00 in sales only to realize a profit of $144.00. The Plaintiff's testimony lacks credibility.
On appeal, Phyllis raises one assignment of error, that the lower court abused its discretion in ordering a reduction in spousal support. We agree.
Procedurally, Gary argues that Phyllis' failure to file the transcript of the December 1999 hearing prevents Phyllis from arguing abuse of discretion because evidence upon which the magistrate may have relied may be absent. However, the magistrate's decisions of December 15, 1999 and February 2, 2000 both state that the appealed issue of spousal support raised by Gary was delayed until the January 28, 2000 hearing. Thus, since Gary has pointed to no evidence offered in the December 1999 hearing which supports the magistrate's finding, Phyllis' filing of the January 28, 2000 hearing transcript is sufficient for this appeal.
Another procedural argument Gary suggests is that Phyllis may not appeal any findings of the magistrate as to her 1999 income because she failed to file objections to the magistrate's decision with the trial court as to the findings regarding her 1999 income. This is false. Phyllis' objections to the trial court clearly state, "[t]here was no evidence to support the finding that in 1999 Plaintiff had self-employment income of $13,246.49." Thus, we will review the findings of the lower court as to Phyllis' 1999 income.
A trial court has broad discretion in establishing a spousal support award. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. Unless an appellate court finds that the decision of a trial court is unreasonable, arbitrary or unconscionable, the appellate court may not overturn the decision. Kahn v. Kahn (1987), 42 Ohio App.3d 61, 66.
The party who seeks a reduction in spousal support has the burden of showing a reduction in spousal support is warranted. Joseph v. Joseph
(1997), 122 Ohio App.3d 734, 736; Haninger v. Haninger (1982),8 Ohio App.3d 286, 289. Further, in order to justify a modification of spousal support, the change of circumstances must be substantial and not contemplated at the time of the prior order. Tremaine v. Tremaine
(1996), 111 Ohio App.3d 703, 706.
Phyllis argues that the lower court abused its discretion in finding that she had self employment income of $13,246.49 in 1998 and thus reducing her spousal support.
Counsel for both parties point out that evidence was offered at the hearing as to Phyllis' 1998 self employment income, which the magistrate may have utilized, thereby making a clerical error when stating "1999" rather than "1998." The only evidence offered at the hearing which involved the $13,246.49 figure was Phyllis' response when asked if her gross self employment income or sales for 1998, which may not have been the same figure, was this amount. Phyllis responded "[t]hat's my, what I sent the company, yes." (Feb. 18, 2000, Tr. 35). This statement is unclear as to whether Phyllis is testifying that the $13,246.49 was her gross income for 1998, the amount she was obliged to return to the company in 1998, or was her total sales for 1998. Further, none of these possible meanings for the testimony is evidence that Phyllis' self employment income was $13,246.49. Alone, this statement clearly would be insufficient to meet the burden of Cshowing a substantial change in circumstances that is required for a reduction of spousal support. As this was the only evidence Gary offered as to Phyllis' self employment income, it would obviously have been unreasonable and an abuse of discretion to find that Gary, as the party moving for a modification, had met his burden of showing a reduction of support was warranted through this vague exchange.
Additionally, Phyllis testified that her actual profit for 1998 as reported on her tax return was only $144.00. (Feb. 18, 2000, Tr. 37). In her testimony, Phyllis explained that the nature of the Home Interior business is such that from her sales she must send a significant amount to the company, then from the remaining money deduct her expenses, postage, supplies and other expenses. (Feb. 18, 2000, Tr. 37-38). This evidence was uncontradicted.
The court in the Final Judgment and Decree of Divorce had relied upon the net profit from Phyllis' business in calculating the amount of spousal support. Even in the magistrate's order which reduced the amount of spousal support, the magistrate in determining if a substantial change has occurred relied on Phyllis' net profits in 1997 and 1996. Yet, if "1999" was only a clerical error and "1998" was intended, the magistrate had suddenly shifted to relying on gross income or total sales figures rather than net profit. The magistrate would then be comparing the "1998" figure of $13,246.49; which as stated above is unclear as to if it is gross self employment income, money returned to the company, or total sales; to Phyllis' net profits in 1997 of $5.00 and in 1996 of $75.00, since no evidence of Phyllis' gross self employment income in 1996 and 1997 was offered for comparison. Clearly the magistrate should have compared Phyllis' net profits at the time of the divorce, the 1996 and 1997 net profit amounts, with her 1998 net profit amount of $144.00 to determine if a substantial change in circumstances had occurred. Thus, even if the magistrate merely performed a clerical error by stating "1999" rather than "1998," the lower court could not have reduced the amount of spousal support based on the brief and vague testimony regarding the $13,246.49 figure without being unreasonable and creating an abuse of discretion by the court.
The court's rationale for its decision, quoted above, is completely arbitrary in saying that no one would commit the time and effort to gross $13,246.00 in sales only to realize a profit of $144.00. As we have already pointed out, the $13,246.00 amount was not characterized as the gross sales in 1998. Furthermore, you cannot engage in any sales business knowing in advance what you will realize as your net taxable profit for the year. The trial court's decision is, therefore, an abuse of discretion by being arbitrary.
The trial court made an additional finding that the reduction in spousal support was at least partially justified by the $4,000 increase in Phyllis' income from her job at the doctor's office. Gary argues that this $4,000 increase was a twenty percent pay increase for Phyllis and therefore was a substantial change in circumstances warranting a modification. Phyllis however argues that this increase did not amount to a substantial change when one considers the parties' mutual income in excess of $80,000 and that Gary's income had also increased by approximately $4,000 since the final divorce decree. We agree.
According to Tremaine, supra, a modification in spousal support requires a substantial change in circumstances not contemplated at the time of the divorce. This change must be a drastic change in either party's economic situation. Moore v. Moore (1997), 120 Ohio App.3d 488,491. Finding that the drastic change also must not be in contemplation of the parties at the time of the divorce, the Ninth District Court of Appeals held in Moore that where the trial court finds one party has lost income production capacity as a result of the marital duties and recently reentered the workforce, the court is implicitly contemplating that earning potential will increase with time and experience. Id. (holding that the ex-wife's income increase of approximately $5,000 was not a substantial change of circumstances not contemplated at the time of divorce, particularly when her income was still substantially less than his).
Likewise, Phyllis' income increase of $4,000 out of mutual income of $80,000 is not substantial. Additionally, increases in income were implicitly contemplated by the trial court when in the final divorce decree it found Phyllis to have lost income production capacity as a result of her marital duties, having only begun working full time in the past two years. Further, Phyllis' income increase is balanced against Gary's income increase of approximately the same amount, making her income still substantially less than his. Moreover, the magistrate noted the $4,000 income increase and yet found that it was the self employment income increase, not the $4,000 increase, which amounted to a substantial change in circumstances. Without the erroneous consideration of $13,246.49 as Phyllis' self employment income, the $4,000 income increase to Phyllis from her job at the doctor's office could not amount to a substantial change in circumstances not contemplated at the time of the divorce. Thus, it was unreasonable and an abuse of discretion for the trial court to find that Phyllis' $4,000 income increase warranted a reduction in spousal support.
Phyllis A. Neeley's assignment of error is sustained, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.
 _______________________________ FREDERICK N. YOUNG, J.
GRADY, P.J. and FAIN, J., concur.
[1] Throughout the magistrate's decision he cites the $13,246.49 as Phyllis' self-employment income in 1999. Doc. C 108, 2. This is an obvious error in year. As quoted from the transcript above the dollar amount is what Phyllis sent to the company for sales in 1998. Even the trial court recognized the error and correctly referred to 1998 in its decision instead of 1999.