This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, David Nestor ("David"), appeals from the Lorain County Court of Common Pleas' decision, which denied his motion to modify spousal support. We affirm.
 I.
On April 20, 1998, the trial court granted appellee, Virginia Nestor ("Virginia") a divorce from David. The divorce decree provided for an award of spousal support in the amount of $750 per month to be paid until the death of either party or Virginia's "remarriage or cohabitation with a non-relative male in a relationship similar to marriage." On December 9, 1999, David moved the trial court to modify the spousal support. The trial court held a hearing on the motion where Virginia and David offered testimony. The trial court denied David's motion to modify the spousal support because he had not presented evidence of a change in either party's circumstances warranting a modification in spousal support.
This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AS REASONABLE MINDS COULD HAVE CONCLUDED THAT DEFENDANT'S CIRCUMSTANCES HAD CHANGED AFTER THE ISSUANCE OF THE JUDGMENT ENTRY OF DIVORCE.
 In his sole assignment of error, David argues that he presented sufficient evidence of changed circumstances to support a modification of spousal support. We disagree.
In their separation agreement, David and Virginia gave the trial court continuing jurisdiction to modify the spousal support award. Such jurisdiction is governed by the provisions of R.C. 3105.18(E) and (F), which require the court to find a change of the circumstances of either party before modifying spousal support.
We have held that in order for a court appropriately to modify a spousal support award, there must be a "substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997), 120 Ohio App.3d 488,491, citing Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. The burden of proof belongs with the person seeking modification. Joseph v.Joseph (1997), 122 Ohio App.3d 734, 736. Only where the person seeking modification shows that there has been a substantial change in financial circumstances not anticipated at the time of the original decree, does the court have jurisdiction to consider the modification. Id. Once the movant demonstrates the substantial change of circumstances, the moving party still has the burden of showing that the current award is no longer "appropriate and reasonable." R.C. 3105.18(C)(1); see, also, Leighner,33 Ohio App.3d at 215.
"Given the application of the requisite statutory scheme and assuming the factual inquiries are supported by competent credible evidence, the finding as to whether there has been a change in circumstances which, ultimately, warrants a modification or termination, will not be reversed absent an abuse of discretion." Mottice v. Mottice (1997),118 Ohio App.3d 731, 735, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. An abuse of discretion is more than mere error.Blakemore, 5 Ohio St.3d at 219. It implies that the trial court's attitude was "unreasonable, arbitrary or unconscionable." Id. Absent an abuse of discretion, a reviewing court may not substitute its judgment for that of the trial court. Id. at 218.
In the divorce decree, the trial court found that David had worked for Norfolk Southern Railroad ("Norfolk") since 1969. David earned $34,000 annually during the years of 1995-1997. He was terminated in March of 1998 and appealed his dismissal. At the time of the divorce, David was unemployed and receiving unemployment benefits. The trial court found that David had the capability of earning $34,000, because David testified to the trial court that he "would be reinstated to his position. He indicated that he only [needed] to file a claim to cause the reinstatement to occur[.]"
At the hearing on the motion to modify spousal support, the parties entered joint stipulations regarding David's employment history and spousal support payments. Since the divorce, David has been pursuing his reinstatement with Norfolk. Currently his appeal is pending before the Public Law Board. David is presently employed with York International ("York") as a tow motor operator. He earns $12.80 per hour and generally works 40 hours a week.
Virginia's $750 per month spousal support is deducted from David's paycheck. Annually he pays $9,000 in spousal support. This amount reduces his base pay of $26,624 to $17,624.
At the hearing, Virginia testified that she was diagnosed with multiple sclerosis in 1976, and continues to suffer from the disease. She receives a disability check each month in the amount of $503 from Social Security. Virginia stated that she was involved with Learning Empowering Abilities Potential/Center for Independent Living ("LEAP/CIL"). As a client of LEAP/CIL, Virginia received a grant to cover her medical prescriptions ($1,200 per month) and received help in securing an apartment. Virginia volunteers 15 to 20 hours a week at LEAP/CIL.
Virginia testified that she was interested in a position with LEAP/CIL. Evidence was presented in a joint stipulation that an independent living specialist at LEAP/CIL could earn between $6.10 and $6.75 per hour. However, an independent living specialist could not work more than 20 hours a week. Virginia testified that LEAP/CIL did not have the budget to hire another employee.
David presented evidence that his monthly expenses totaled $1006.37 ($12,076.44 annually). He testified that he was not able to meet his monthly financial obligations because of his spousal support payments. David has remarried and is sharing living expenses with his new wife. On cross-examination, David testified that he is content with earning $12.80 per hour. He also admitted that he was still capable of earning $17.00 per hour.
After reviewing the evidence, we find that David failed to demonstrate a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made. See Moore,120 Ohio App.3d at 491. David failed to meet his threshold burden and therefore we find that the trial court did not abuse its discretion in denying David's motion to modify spousal support. Accordingly, David's sole assignment of error is overruled. We affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., SLABY, J. CONCUR.