DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Donald Schlessner, Jr. ("Donald") appeals the decision of the Summit County Court of Common Pleas denying his motion to modify his spousal support. We affirm.
 I.
On February 9, 2000, the trial court granted appellee, Vicki Schlessner ("Vicki"), a divorce from Donald. The divorce decree provided for an award of spousal support in the amount of $1,000 month to be paid until "[Vicki's] death, [Vicki's] remarriage or five (5) years whichever first occurs." On November 11, 2000, Donald moved the trial court to modify his spousal support. The trial court held a hearing on the motion where Donald offered testimony. The trial court denied Donald's motion to modify the spousal support because he had not presented evidence of a change in either party's circumstances warranting a modification in spousal support.
This appeal followed.
 II.
Assignment of Error:
 The trial court's judgment entry denying appellant's motion to modify his spousal support obligation was contrary to law; against the manifest weight of the evidence; and/or an abuse of discretion and should be reversed.
In his sole assignment of error, Donald argues that he presented sufficient evidence of changed circumstances to support a modification of spousal support. We disagree.
In their separation agreement, Donald and Vicki gave the trial court continuing jurisdiction to modify the spousal support award. Such jurisdiction is governed by the provisions of R.C. 3105.18(E) and (F), which require the court to find a change of the circumstances of either party before modifying spousal support.
We have held that in order for a court appropriately to modify a spousal support award, there must be a "substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997), 120 Ohio App.3d 488,491, citing Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. The burden of proof belongs with the person seeking modification. Joseph v.Joseph (1997), 122 Ohio App.3d 734, 736. Only where the person seeking modification shows that there has been a substantial change in financial circumstances not anticipated at the time of the original decree, does the court have jurisdiction to consider the modification. Id. Once the movant demonstrates the substantial change of circumstances, the moving party still has the burden of showing that the current award is no longer "appropriate and reasonable." R.C. 3105.18(C)(1); see, also, Leighner,33 Ohio App.3d at 215.
"[T]he finding as to whether there has been a change in circumstances which, ultimately, warrants a modification or termination [of spousal support], will not be reversed absent an abuse of discretion." Motticev. Mottice (1997), 118 Ohio App.3d 731, 735, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion is more than mere error. Blakemore, 5 Ohio St.3d at 219. It implies that the trial court's attitude was "unreasonable, arbitrary or unconscionable."Id. Absent an abuse of discretion, a reviewing court may not substitute its judgment for that of the trial court. Id. at 218.
In the divorce decree, the trial court found that Donald was an independent truck driver with Nagle Toledo, Inc. for ten years. In July 1999, Donald's contract with Nagle was terminated because his vehicle failed to meet the Department of Transportation's vehicle requirements. After losing his contract with Nagle, Donald's father and sister financially supported him. The trial court noted that several employers were advertising employment opportunities for truck drivers, however, Donald "voluntarily chose not to find employment." The trial court held that Donald could earn $35,000 to $45,000 per year as a truck driver or forklift operator.
At the hearing on the motion to modify spousal support, Donald testified that he was unable to qualify for a commercial driver's license and without such license he could not be employed as a truck driver. He stated that the prescribed medications necessary to manage his heart condition prevented him from medically qualifying for a commercial driver's license. Donald testified that since losing his contract with Nagle in July 1999, he has been working for his father earning $6 an hour. Further, he has not sought other employment because he enjoys working for his father. Donald asserted that at $6 an hour he is unable to pay Vicki $1,000 in spousal support.
On cross-examination, Donald admitted that his heart condition was originally diagnosed in 1997. After the diagnosis of his heart condition, he continued driving trucks for Nagle until 1999 when his vehicle failed to meet the Department of Transportation's vehicle requirements. At the hearing, the only medical evidence Donald presented regarding his heart condition were letters from two different physicians dated September 15, 1999 and August 30, 1999, which predated the February 9, 2000 divorce decree.
The record reflects that Donald did not seek a direct appeal of the February 9, 2000 divorce decree. At the hearing, Donald did not present evidence beyond what the trial court had already considered during the divorce proceedings. It appears that his motion to modify spousal support is a delayed attempt to challenge the trial court's findings in the divorce decree regarding his earning potential.
After reviewing the evidence, we find that Donald failed to demonstrate a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made. See Moore,120 Ohio App.3d at 491. Donald failed to meet his threshold burden and therefore we find that the trial court did not abuse its discretion in denying Donald's motion to modify spousal support. Donald's sole assignment of error is overruled. We affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.