This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John F. W. Koch, III, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that granted the motion to modify spousal support of Appellee, Janis A. Koch. We reverse.
Appellant and Appellee entered into an agreed judgment entry of divorce. Thereafter, Appellee simultaneously filed the following motions: (1) a motion to show cause; (2) a motion to modify spousal support; and (3) a motion for attorney fees. A hearing was held before a magistrate regarding Appellee's three motions. Following the hearing, the magistrate entered her decision, which granted Appellee's motion to modify spousal support and dismissed her motions to show cause and for attorney fees. Appellant objected to the magistrate's proposed decision. The trial court overruled Appellant's objections and adopted the magistrate's decision. Appellant timely appeals and raises three assignments of error for review. To facilitate review, we will address assignments of error two and three together.
 ASSIGNMENT OF ERROR I "The trial court erred as a matter of law in abusing its discretion as it relates to the modification of spousal support against [Appellant]."
In his first assignment of error, Appellant avers that the trial court abused its discretion by modifying his spousal support obligation. We agree.
In their agreed judgment entry of divorce, Appellant and Appellee gave the trial court continued jurisdiction to modify the amount of spousal support. Such jurisdiction is governed by the provisions of R.C. 3105.18(E) and (F), which require the court to find a change in circumstances of either party before modifying spousal support.
This court has held that in order for a court to appropriately modify a spousal support award, there must be a "substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997), 120 Ohio App.3d 488,491, citing Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215. See, also, Joseph v. Joseph (1997), 122 Ohio App.3d 734, 736. A "substantial" change exists when the change is "of such a degree as to be described as `drastic[.]'" Mottice v. Mottice (1997), 118 Ohio App.3d 731, 734. Those circumstances which may be considered include, but are not limited to, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The party seeking the modification bears the burden of proof. Joseph,122 Ohio App.3d at 736. Following a showing that a substantial change in circumstances exists, the moving party still bears the burden to show that the current spousal support award is no longer "appropriate and reasonable." R.C. 3105.18(C)(1). See, also, Leighner,33 Ohio App.3d at 215.
An appellate court will not disturb a modification of spousal support absent an abuse of discretion. Mottice, 118 Ohio App.3d at 735, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion suggests more than an error of law or judgment. Blakemore,5 Ohio St.3d at 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
At the hearing on the motion to modify spousal support, Appellee testified regarding her pay raise and her expenses and Appellant's pay raise. Subsequently, the trial court found that Appellee's increased expenses and Appellant's pay raise constituted a change in circumstances; therefore, the trial court modified the spousal support award. For analysis purposes, we will separately address the trial court's findings.
Initially, we note that Appellee included, as expenses, the monetary contributions she expended to support her emancipated son. Further, we cannot decipher the amount Appellee spent to support her emancipated son, as Appellee did not breakdown her expenses to specify this amount, but instead provided the court with a combined figure as to her expenses. However, parents do not have a duty to support an emancipated child and, accordingly, these monetary contributions should not be included to compute expenses or considered when determining whether an increase in expenses has occurred. McElrath v. McElrath (Nov. 24, 1999), 8th Dist. No. 75177. See, also, R.C. 3109.01 and 3103.03.
Notwithstanding the fact that the expenses for Appellee's emancipated son should not factor into the equation, a review of the record reveals that Appellee has failed to demonstrate that her expenses had increased. Specifically, Appellee did not testify as to an increase in expenses, but rather, she testified regarding the amount she is currently expending each month for expenses. Furthermore, the record is devoid of evidence addressing or comparing the expenses that were not contemplated at the time of the existing spousal support award. See Moore,120 Ohio App.3d at 491, citing Leighner, 33 Ohio App.3d at 215. Although Appellee's recitation regarding her current expenses may represent an increase, she has failed to illustrate that fact; therefore, we cannot say that Appellee's expenses have increased.
Since we have determined that Appellee has failed to show that her expenses have increased, we must now turn to Appellant's pay raise and determine whether this pay raise is a substantial change in circumstances that warrants modification. See Moore, 120 Ohio App.3d at 491, citingLeighner, 33 Ohio App.3d at 215. An increase in income of the spousal support obligor does not automatically necessitate an increase in a spousal support award. McClain v. McClain (Sept. 30, 1999), 11th Dist. No. 98-P-0002.
In this case, the trial court found that Appellant's pay raise in conjunction with Appellee's increased expenses constituted a change in circumstances. Nevertheless, as Appellee failed to prove her increased expenses and upon considering the effect of her pay raise, we cannot describe Appellant's pay raise as a substantial change of a "drastic" degree. See Mottice, 118 Ohio App.3d at 734. Accordingly, we hold that the trial court abused its discretion in granting Appellee's motion to modify spousal support. Consequently, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "The trial court abused it's [sic.] discretion by allowing the introduction of evidence relating to Appellee's monthly expenditures without considering or redacting her voluntary support of her emancipated son."
 ASSIGNMENT OF ERROR III "The trial court erred as a matter of law in violation of Appellants [sic.] constitutional right of due process by proceeding without properly determining Appellants [sic.] right to counsel in a show cause hearing."
In his second assignment of error, Appellant alleges that the trial court abused its discretion by permitting Appellee to testify regarding her monthly expenditures in support of the parties' emancipated son. In his third assignment of error, Appellant alleges that the trial court violated his right to due process by failing to determine whether he was entitled to counsel. In light of our disposition in assignment of error one, we need not address these assignments of error as they are rendered moot. See App.R. 12(A)(1)(c).
Appellant's first assignment of error is sustained and his second and third assignments of error are not addressed. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this opinion.
WHITMORE, J., BATCHELDER, J. CONCUR.