This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Gene McClellan ("Husband") has appealed from a decision of the Summit County Court of Common Pleas, Domestic Relations Division, which affirmed a magistrate's decision that awarded continued spousal support to Defendant-Appellee Christine McClellan ("Wife"). This Court affirms.
 I
{¶ 2} Husband and Wife were married on September 23, 1967, in Akron, Ohio. The parties divorced on October 30, 1997. The divorce decree, which adopted the terms of the parties' separation agreement, required Husband to pay spousal support to Wife. The pertinent provision of the separation agreement states:
 {¶ 3} "As and for spousal support to be paid herein by Husband to Wife, Husband shall pay to Wife, subject to further order, commencing on the date a decree of divorce is granted adopting the terms of this Separation Agreement, the sum of Two Hundred Dollars ($200.00) per week, together with poundage, through the Summit County Child Support Enforcement Agency, by wage assignment."
{¶ 4} The separation agreement also provided that Husband's obligation to pay spousal support was subject to further order of the Summit County Court of Common Pleas, Domestic Relations Division, and was terminable upon (1) further order of the court specifically terminating Husband's obligation; (2) the death of Husband; (3) the death of Wife; or (4) the remarriage of Wife. The Summit County Court of Common Pleas, Domestic Relations Division retained jurisdiction to modify the amount of the spousal support payments.
{¶ 5} On July 14, 2001, almost four years after the parties were divorced, Husband terminated his job with the Akron Beacon Journal. His income went from $42,000 a year to approximately $21,948[1] a year. Wife, on the other hand, improved her situation after the divorce. When spousal support was initially granted, Wife was in school and unemployed. However, when Husband's employment was terminated Wife was working part-time as a desk clerk at a hotel, earning approximately $10,752 a year.
{¶ 6} As a result of Husband's change in employment status, he filed a motion to modify/terminate spousal support. A hearing was held on the matter on October 23, 2001, in which he argued that due to his retirement, his income was substantially reduced and Wife's income now exceeded the former spousal support level. The residing magistrate rendered a decision on November 29, 2001, wherein the magistrate held: "Effective July 18, 2001, Plaintiff's obligation to pay spousal support is reduced to $325 per month plus the processing fees." Husband timely filed objections to the magistrate's decision. The trial court overruled Husband's objections and adopted the magistrate's decision. Husband has appealed, asserting one assignment of error.
 II Assignment of Error {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN ARBITRARILY CONTINUING THE AWARD OF SPOUSAL SUPPORT AS BEING APPROPRIATE AND REASONABLE UNDER THE CIRCUMSTANCES."
{¶ 8} In Husband's sole assignment of error, he has argued that the trial court erred as a matter of law in arbitrarily continuing the award of spousal support. We disagree.
{¶ 9} A trial court has wide latitude in awarding spousal support; however, a court's evaluation is constrained by R.C.3105.18(C)(1). Abram v. Abram, 9th Dist. No. 3233-M, 2002 Ohio 78, at 2-3. R.C. 3105.18(C)(1) provides:
 {¶ 10} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider the following factors:
 {¶ 11} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed[;]
 {¶ 12} "(b) The relative earning abilities of the parties;
 {¶ 13} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{¶ 14} "(d) The retirement benefits of the parties;
{¶ 15} "(e) The duration of the marriage;
 {¶ 16} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 17} "(g) The standard of living of the parties established during the marriage;
 {¶ 18} "(h) The relative extent of education of the parties.
 {¶ 19} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 20} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional agree of the other party;
 {¶ 21} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 22} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 23} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 24} "(n) Any other factor that the court expressly finds to be relevant and equitable."
{¶ 25} A trial court is bound to consider all the factors contained in R.C. 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the trial court. Moorev. Moore (1992), 83 Ohio App.3d 75, 78. An appellate court will not reverse a trial court's decision regarding spousal support absent an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. Id.
{¶ 26} In the instant case, the parties' separation agreement contained a provision by which the Summit County Court of Common Pleas, Domestic Relations Division retained continuing jurisdiction to modify the amount of spousal support. Therefore, the magistrate had authority to modify the award upon a showing of changed circumstances pursuant to R.C. 3105.18(E). The magistrate reduced Husband's spousal support obligation from $200 per week to $325 a month pursuant to Moore v. Moore
(1997), 120 Ohio App.3d 488,491 (stating that modification of spousal support is appropriate only where there has been a substantial change in the circumstances of either party and the modification is reasonable and appropriate). Husband has contended that although the trial court was correct in determining a change in circumstances, the trial court was incorrect in creating a continued spousal support award at an arbitrary figure. Specifically, Husband has asserted that Wife's income of $16,752[2] a year is comparable to his yearly income of $21,948. He has, in effect, implied that Wife does not need continued spousal income and that any money obtained from Husband would be a "windfall."
{¶ 27} This Court has previously held that need is not a basis for an award of spousal support. Noll v. Noll (June 7, 2000), 9th Dist. No. 98CA007042, at 4. The only relevant question is what is appropriate and reasonable under the circumstances, and once the fourteen factors under R.C. 3105.18(C)(1) have been considered, the amount of spousal support remains within the sound discretion of the trial court. Id. Therefore, it is irrelevant whether Wife actually needs continued spousal support. The court need only determine whether the award of spousal support is fair and equitable and in accordance with the law. See Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 94.
{¶ 28} Additionally, Husband has argued that $325 a month "is nothing more than an arbitrary figure arrived [at] without the benefit of the factors contained in R.C. 3105.18," and that the trial court's mere recitation "in reviewing the Magistrate's decision that the Magistrate reviewed `applicable' factors is insufficient because this does not explain how the figure of $325.00 was arrived at."
{¶ 29} In regard to Husband's charge that the trial court simply recited the magistrate's decision without explaining how the amount of spousal support was calculated, we note that "the judge may not merely rubberstamp the decision of the [magistrate] to whom [a] matter was referred." Herman v. Herman (June 24, 1981), 12th Dist. Nos. 343 
384, 1981 Ohio App. LEXIS 14504, at *4. However, in this case, the record reflects that the trial court independently scrutinized the magistrate's decision.
{¶ 30} In concluding that continued spousal support was appropriate, the trial court specifically cited the relevant factors as set forth in R.C. 3105.18(C)(1). The court noted that the magistrate considered the parties' income. See R.C. 3105.18(C)(1)(a). The magistrate compared the earning capacity of the parties in determining the amount of spousal support that should be awarded to Wife. See R.C. 3105.18(C)(1)(b). The trial court noted the duration of the parties' marriage. See R.C.3105.18(C)(1)(e). In addition, the parties' monthly expenses and Wife's desire to seek higher education in an effort to obtain appropriate employment were also factors considered by the trial court. See R.C.3105.18(C)(1)(n).
{¶ 31} Although the trial court did not cite to every factor listed in R.C. 3105.18(C)(1), we note that "a trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must merely provide a sufficient basis to support its award." Smith v. Smith, 9th Dist. No. 20519, 2001-Ohio-1882, at 4. Thus, this Court cannot conclude that the trial court abused its discretion in determining that Wife was entitled to a continuing award of spousal support, albeit at a reduced amount. Accordingly, we find that Husband's assignment of error is without merit.
 III
{¶ 32} Husband's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.
[1] Husband received $1,078 per month from his pension plan, but this amount was reduced by $500 which Husband forwards to Wife (the $500 deduction is in accordance with the anticipated preparation of a Qualified Domestic Relations Order to effectuate the division of Husband's pension plan). In addition, Husband received $1,251 per month from Social Security. The total amount Husband received per month from all sources was approximately $1,829, or $21,948 per year.
[2] Husband reaches the figure of $16,752 by adding Wife's yearly salary ($10,752) to the $500 she receives every month from Husband's pension plan. Wife has argued that because she only works thirty hours a week, at a rate of $7.00 per hour, it is extremely questionable whether she will ever earn as much as $10,000 a year.