OPINION *Page 2 
{¶ 1} Defendant-appellant Gene Dodson ("Husband") appeals the December 12, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which overruled his objections to the Magistrate's October 10, 2006 Decision, denying his Motion to Modify Spousal Support. Plaintiff-appellee is Kelly Dodson ("Wife").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and Wife were married on June 21, 1978. On December 14, 2000, Wife filed a Complaint for Divorce in the Stark County Court of Common Pleas, Family Court Division. The trial court issued a Final Entry on October 1, 2001, terminating the marriage, dividing the parties' property and debts, and ordering Husband to pay Wife spousal support in the amount of $1,300/month plus processing fees. The Final Entry provided the spousal support would terminate upon the death of either Husband or Wife, and the trial court would retain jurisdiction to continue and/or modify the support order. Husband appealed the October 1, 2001 Final Entry, which this Court affirmed in Dodson v. Dodson, Stark App. No. 2001CA00327, 2002-Ohio-3091.
 {¶ 3} On January 28, 2003, Husband filed a Motion to Modify Spousal Support. Husband asserted alleged his earnings had dropped from $43,350/year to approximately $35,000/year because the amount of overtime available to him had decreased as a result of his employer hiring additional personnel. The trial court granted Husband's motion and reduced his spousal support obligation to $935/month *Page 3 
plus 2% processing fees. The trial court again found Wife was incapable of working due to her medical conditions.
 {¶ 4} On February 2, 2006, Husband filed a Motion to Terminate and/or Modify Spousal Support. Husband had suffered from a serious medical condition which had impacted his income and employability, and resulted in his being on short term disability. Wife consented to a temporary suspension of spousal support until Husband could return to work. The trial court issued a temporary suspension of spousal support via Post Decree Entry filed February 28, 2006. The trial court ordered Husband to immediately notify the court and counsel when his short term disability terminated or when he returned to work.
 {¶ 5} Husband returned to work in early June, 2006, and requested the trial court proceed upon the motion to modify. The magistrate conducted a hearing on the motion on August 16, 2006. Husband filed written post hearing arguments on September 29, 2006. Via Magistrate's Decision filed October 10, 2006, the magistrate recommended the trial court deny Husband's motion to reduce spousal support, finding husband's change of income was not substantial enough to constitute a change of circumstances, and husband's current health also did not constitute a change of circumstances. Husband filed timely objections to the magistrate's decision, arguing the magistrate had failed to consider changes in Wife's income. Wife filed a memorandum in opposition thereto.
 {¶ 6} The trial court conducted a hearing on December 12, 2006. Via Judgment Entry filed the same day, the trial court overruled Husband's objection, and approved and adopted the magistrate's decision. The trial court made a specific finding Husband *Page 4 
had presented some evidence of funds being directly deposited into Wife's bank account, however, the trial court did not find the consistency and amounts of these funds to be significant enough to permit the court to conclude the prior order of spousal support was not justified when considering the factors set forth in R.C. 3105.18.
 {¶ 7} It is from this judgment entry Husband appeals, raising as his sole assignment of error:
 {¶ 8} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING THE MODIFICATION OF SPOUSAL SUPPORT WHEN THE EVIDENCE PRESENTED CLEARLY DEMONSTRATED MORE THAN NOMINAL CHANGES IN THE CIRCUMSTANCES OF BOTH PARTIES."
 I {¶ 9} In his sole assignment of error, Husband maintains the trial court erred and/or abused its discretion in denying his request for a modification of his spousal support obligation. Husband specifically takes issue with the trial court's finding the funds deposited into Wife's bank account were not significant enough to justify a modification. Husband explains the trial court did not recognize the significant change in circumstances was Wife's current ability to work when the trial court had previously found her unemployable.
 {¶ 10} Modifications of spousal support are reviewable under an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,541 N.E.2d 1028. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,5 OBR 481, 450 N.E.2d 1140. "Modification of a spousal support award is *Page 5 
appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997), 120 Ohio App.3d 488,491, 698 N.E.2d 459, citing Leighner v. Leighner (1986),33 Ohio App.3d 214, 215, 515 N.E.2d 625. See R.C. 3105.18(E). In order to constitute a basis for modifying spousal support, the change of circumstances required must be material and not purposely brought about by the moving party and not contemplated at the time the parties entered into the prior agreement or order. Roberson v. Roberson (Nov. 29, 1993), Licking App. No. 93-CA-42, 1993 WL 500325.
 {¶ 11} R.C. 3105.18, which governs the trial court's consideration in modifying an existing spousal support order, states:
 {¶ 12} "(E) * * * if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 {¶ 13} "(1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
 {¶ 14} "* * *
 {¶ 15} "(F) For purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." *Page 6 
 {¶ 16} The burden of establishing the need for modification of spousal support rests with the party seeking modification. Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249.
 {¶ 17} In the instant action, the trial court in its October 1, 2001 Final Entry explicitly stated the spousal support obligation was "subject to the continuing jurisdiction of this Court", and the trial court could "modify the amount or terms of this spousal support order upon the change of circumstances of a party." Final Entry at 4-5.
 {¶ 18} In the October 10, 2006 Decision, the magistrate concluded the change in Husband's income since the date of the last spousal support modification was so minute as to constitute no change of circumstances.[1] The magistrate did not find Husband's health to be a change of circumstances because he was released to work without restrictions. The magistrate did not make any findings or conclusions regarding Wife's ability to work or funds being deposited into her bank account. The trial court conducted a hearing on Husband's objections, and found Husband had presented some evidence of funds being directly deposited into Wife's bank account. However, the trial court found these funds not to be of significant consistency and amounts to permit the court to conclude the prior order of spousal support was not justified.
 {¶ 19} We agree with Husband and find Wife's ability to work at home, even for a nominal amount of money, is a change in circumstances in light of the fact Wife was considered unemployable and unable to work at the time of the divorce in 2001, and at *Page 7 
the time of the first modification of spousal support in 2003. Nonetheless, we do not find the trial court abused its discretion in deciding not to further modify the spousal support order based on the amount of money Wife earned.
 {¶ 20} Husband's sole assignment of error is overruled.
 {¶ 21} The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
 Hoffman, J., Gwin, P.J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed to Appellant.
[1] Via Judgment Entry filed October 1, 2003, the trial court reduced Husband's spousal support from $1,300/month to $935/month, finding Husband's income had decreased from $45,350/yr to $35,118/yr. The magistrate projected Husband's income for 2006, to be $34,944, a ½ % change since 2003. *Page 1