JOSEPH, Appellee,

v.

JOSEPH, Appellant.

[Cite as *Joseph v. Joseph* (1997), 122 Ohio App.3d 734.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16160.

Decided Sept. 19, 1997.

*Douglas B. Gregg,* for appellee.

*John H. Rion,* for appellant

GRADY, Judge.

Clemont Joseph appeals from an order of the court of common pleas, domestic relations division, denying his motion to terminate his spousal support obligation to his former spouse, Wanda Joseph. Clemont Joseph presents a single assignment of error, which states:

"The trial court committed an abuse of discretion when it refused to grant Clemont's motion to terminate spousal support payments."

A court that enters a spousal support order in a decree of divorce is authorized to subsequently modify its spousal support order if the decree or a separation agreement incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of spousal support and the circumstances of either party have changed since the decree or order was entered. R.C. 3105.18(E)(1). Pursuant to subsection (F) of R.C. 3105.18, "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."

The circumstances which a court must find have changed to support modification of a spousal support order are those involved in the factors set out at R.C. 3105.18(C)(1)(a) through (n) as they pertain to either party. To satisfy that test, "the change must be one that is substantial and not contemplated at the time of the prior order." *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 706, 676 N.E.2d 1249, 1251.

The burden of showing that a reduction of spousal support is warranted is on the party who seeks the reduction. *Haninger v. Haninger* (1982), 8 Ohio App.3d 286, 8 OBR 380, 456 N.E.2d 1228. Even after the movant demonstrates a substantial change of circumstances, the burden does not shift to the obligee to demonstrate a continuing need for support or that the existing award is unnecessary or unreasonable. *Heltzel v. Heltzel* (Nov. 9, 1990), Trumbull App. No. 89-T-

4279, unreported, 1990 WL 174152. The burden of persuasion with respect to the modification sought remains with the movant.

When the parties were divorced in 1991, Clemont Joseph was ordered to pay Wanda Joseph spousal support at the rate of $800 monthly. That obligation was reduced to $350 monthly in 1992, when Clemont Joseph retired. He now seeks to terminate his obligation entirely.

The parties had marital assets in the form of cash and real property when they were divorced. Each received shares in the division of that property. Since the 1992 order was issued, Clemont Joseph has sold a residence and paid Wanda Joseph $32,500 as her share of the proceeds. Clemont Joseph has also paid $60,000 in cash for a new residence of his own.

The Social Security incomes of the parties have not changed substantially since 1992. Clemont Joseph receives $882 monthly, $81 per month more than he did in 1992. Wanda Joseph receives $391 monthly, $14 per month more than she did in 1992. Wanda Joseph is also paid $160 per month as rent by an adult daughter, the same amount she has received since 1992.

The bone of contention is the change in the parties' cash assets since 1992. After selling several properties and purchasing a new residence, Clemont Joseph now has $21,000 in bank deposits. In 1992, he had $70,000. Wanda Joseph now has approximately $95,000 in cash assets. Of that sum, $29,000 remains from the $32,500 she received as her share of the proceeds from the sale of marital property. Wanda Joseph has earmarked the $29,000 for home improvements, and for some reason she has deposited it into a bank account in her daughter's name.

Clemont Joseph argues that because his former wife now has $29,000 more than she did in 1992, her income has increased, eliminating her need for spousal support. On the other hand, Clemont Joseph's cash assets are but $21,000, reduced from the $70,000 he had in 1992 by the purchases he has made. Therefore, he argues, spousal support should be terminated.

The magistrate recommended that Clemont Joseph's motion be denied because no substantial change of circumstances from the time of the 1992 support modification had been shown. The trial court agreed, stating:

"The circumstances of the parties have not significantly changed since the 1992 modification, and therefore Defendant's objections are not well taken. While there was extensive testimony regarding Plaintiff's bank accounts and investments, these assets resulted from the settlement in the divorce decree and the sale of her house. This does not constitute a change in circumstances, but merely a shifting of assets. Contrary to Defendant's assertion, an analysis of Plaintiff's need for spousal support is not appropriate at this time, as this is not an initial

setting of support. The factors in R.C. 3105.18(B) [*sic*] do not kick in on a motion for modification unless the threshold question of, 'has there been a substantial change in circumstances?' is met. Defendant has not met this burden."

We do not agree with the trial court's interpretation of R.C. 3105.18. A party in a divorce action who requests spousal support has the burden to demonstrate a need for support and that the other party has the ability to pay support. In determining whether support is appropriate and, if so, the amount and terms of its payment, the court must consider the circumstances of both parties in relation to the factors in subsections (C)(1)(a) through (n) of R.C. 3105.18. If either party subsequently seeks to modify the court's support order, that party must demonstrate a substantial change in any of the circumstances which determined the support order. If that change is shown, the court must revisit the subsection (C)(1) factors to determine whether the existing order should be modified. A modification may order an increase, a decrease, or a termination of support, or a change in the terms of its payment.

R.C. 3105.18(C)(1)(a) requires a court determining the need for spousal support to consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." When the last spousal support order was set in 1992, the incomes of both parties from their cash assets were different. Wanda Joseph's was lower, because her interest in marital real property had not been liquidated to pay her $32,500 in cash, of which $29,000 remains. Clemont Joseph's cash assets were greater, because he had not converted much of his cash assets to nonincome-producing real property. The fact that his choice to do that was a voluntary choice does not exempt it from consideration as a change in circumstances that may, if substantial, warrant a change in the spousal support order. R.C. 3105.18(F).

Even though the increase in Wanda Joseph's cash assets represents a shift of assets, as the trial court found, the shift created a source of income that did not exist when the prior order was entered. Invested at a rate of six percent, this additional $29,000 would yield an annual income of $1,740, which is slightly more than forty percent of Clemont Joseph's current annual spousal support obligation of $4,200. Therefore, the change that produced it is a "substantial change of circumstance" for purposes of R.C. 3105.18(E)(1).

We do not find that the trial court abused its discretion when it failed to terminate spousal support. Instead, we find that the trial court erred when it found that Clemont Joseph had failed to demonstrate the predicate substantial change of circumstances that modification of a spousal support order requires. Whether a modification is warranted is a determination committed to the sound

discretion of the trial court. The assignment of error is sustained on that limited basis.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., and BROGAN, J., concur.