OPINION
Plaintiff-appellant Thomas Stenger appeals from a decision denying his motion to terminate or modify his spousal support obligation. Mr. Stenger contends that the trial court erred by failing to find that the loss of his salary constituted a substantial change of circumstances. He also contends that the trial court erred by finding that he still had "considerable earning capacity." Finally, he contends that the trial court erred by imputing income to him.
We conclude that, although Mr. Stenger's salary was terminated, the trial court did not err by denying his motion. The record supported a finding that Mr. Stenger owned considerable assets capable of producing income, and was capable of paying support as of the time of the hearing, so that it was not an abuse of discretion for the trial court to deny the motion.
Accordingly, the judgment of the trial court is Affirmed.
 I
At the time of their divorce in 1976, Thomas Stenger and Rita Stenger had been married for twenty-three years. Mr. Stenger was required, pursuant to the decree of divorce, to pay support to Mrs. Stenger in the sum of one hundred dollars per week. The decree also provided for cost of living increases in the amount of the support.
In 1998, Mr. Stenger filed a motion to terminate/modify his spousal support based upon the fact that his annual salary of $106,000 had been involuntarily terminated. At the time the motion was filed, Mr. Stenger was paying $282 per week in spousal support, for a total of $14,664 per year. He was also in the midst of a divorce from his second wife.
A hearing was held before a magistrate in April and May of 1998. Mr. Stenger, Norman Moss and Mrs. Stenger testified at the hearings. According to Mr. Stenger and Moss, they purchased Stenger Ford, Incorporated in 1989 or 1990. Mr. Stenger purchased forty percent of the company, while Moss purchased the remaining sixty percent. Mr. Stenger retired some time in 1991 or 1992. However, pursuant to an oral agreement between Mr. Stenger and Moss, Mr. Stenger was paid a salary of $106,000 per year beginning in 1992. Mr. Stenger testified that the salary was unilaterally terminated by Moss in January, 1998, because the company was doing poorly. Moss corroborated the salary termination and the reason therefor. However, the company continued to supply Mr. Stenger with dental insurance and the use of two demonstrator cars. The company also paid for the gasoline used for the cars.
At the time of the hearing, Mrs. Stenger had an annual income of $4,800 in Social Security benefits. She was also paying rent on her apartment in the sum of $470 per month. She had no savings and had debts in excess of $58,000.
Mr. Stenger, at the time of the hearing, had credit card debt of approximately $39,000. He owned a condominium in Centerville with an equity value of $65,000. He also owned a farm in Michigan with approximately $10,000 in equity. Mr. Stenger also testified that he had $30,000 in certificates of deposit, but that he did not know where that money was; he stated that his second wife had taken the money before divorce proceedings were commenced. He further testified that the net worth of Stenger's Ford, Inc., as indicated on a Ford Motor Company Dealer Financial Statement, was $1,312,347 as of the end of 1997. According to the testimony of Moss, the net worth of the company was approximately $800,000 or $900,000; however, he also stated that he was "guessing" as to the value. Moss also testified that Mr. Stenger could choose to sell his forty percent interest in the company, but that Moss would have the right of first refusal.
The magistrate overruled the motion for termination or modification. Mr. Stenger filed objections, which were overruled by the trial court. Subsequently the magistrate's decision was adopted by the trial court. Mr. Stenger appeals from the denial of his motion to terminate or to modify spousal support.
 II
Mr. Stenger's Second Assignment of Error states as follows:
 THE LOWER COURT ABUSED ITS DISCRETION IN IMPUTING CERTAIN INCOMES TO THE PLAINTIFF/APPELLANT THAT WERE NEITHER BASED IN FACT, NOR IN LAW.
Mr. Stenger contends that the trial court erred by imputing income to him in regard to the use of the demonstrator cars, his real property, and his interest in the car dealership. In support, he argues that the demonstrator cars provided to him by Stenger's Ford, Inc. are liabilities rather than assets. He also argues that there was no evidence to support a finding that any of his property was capable of producing "interest."
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus.
Mr. Stenger contends that the trial court incorrectly imputed $17,000 in income related to the use of the cars provided to him by Stenger's Ford, Inc. He also contends that the trial court erred by finding that he could earn "an additional $20,000 of interest on [the farm, condominium and interest in Stenger's Ford, Inc.]." According to Mr. Stenger, the cars are a tax liability, not an asset. Furthermore, he claims that there was no evidence that either the farm or the condominium were appreciating assets. Finally, he argues that his ownership in Stenger's Ford, Inc. should not have been considered an asset because the company was in dire financial straits.
The record does not support Mr. Stenger's claim that the trial court imputed $17,000 in income based on the use of the demonstrator cars provided by Stenger's Ford, Inc. . Instead, the trial court merely noted that Mr. Stenger "still receives approximately $1,300 worth of benefits from Stengers [sic] for his two cars and for his insurance." The trial court did not impute income; rather it correctly recognized that the cars and the insurance constituted income. Pursuant to R.C. 3105.18(C)(1)(a), the trial court is permitted to consider all income from all sources in determining whether to award support. This finding is amply support by the record; Mr. Stenger specifically testified that he reported $17,000 in income from the use of the cars for tax reporting purposes. Therefore, we conclude that this argument is without merit.
We agree, however, with Mr. Stenger that the trial court incorrectly imputed $20,000 in interest income from the properties he holds. There was no testimony in the record to indicate that any of the subject properties were interest producing or that they were capable of producing interest in their present form. However, we find that this was harmless error based upon our conclusions in Part III, below.
Finally, we reject Mr. Stenger's claim that his interest in Stenger's Ford, Inc. was not an asset. Mr. Stenger claims that the company has closed since the date of the hearing. We cannot consider this claim because it is not supported by the record before us. Instead, the record supports a finding that, as of December, 1997, the net worth of the company was $1,312,347.[1] Therefore, since Mr. Stenger was undisputedly a 40% owner of the business, and was capable of selling his interest in the company, we must conclude that his interest in the company was an asset.
Mr. Stenger's Second Assignment of Error is overruled.
 III
Thomas Stenger's First Assignment of Error provides:
 THE LOWER COURT ABUSED ITS DISCRETION IN REFUSING TO MODIFY PLAINTIFF/APPELLANT'S SPOUSAL SUPPORT OBLIGATION BASED UPON THE CHANGE OF CIRCUMSTANCES AND ECONOMIC FACTORS THAT WERE PRESENTED TO THE COURT.
Mr. Stenger contends that the trial court erred by failing to modify his spousal support obligation. In support, he argues that the loss of his salary from Stenger's Ford, Inc. was a substantial change in circumstances necessitating modification. He also argues that the trial court erred by finding that he had the capacity to earn money.
"A court that enters a spousal support order in a decree of divorce is authorized to subsequently modify its spousal support if the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of spousal support and the circumstances of either party have changed since the decree or order was entered." Joseph v. Joseph (1997), 122 Ohio App.3d 734,736, citing R.C. 3105.18(E)(1). "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses or medical expenses." R.C. 3105.18(F). "The circumstances which a court must find have changed to support modification of a spousal support order are those involved in the factors set out at R.C. 3105.18(C)(1)(a) through (n) as they pertain to either party." Joseph, at 736. "The change must be one that is substantial and not contemplated at the time of the prior order." Id., quoting, Tremaine v. Tremaine (1996),111 Ohio App.3d 703, 706. "The burden of showing that a reduction of spousal support is warranted is on the party who seeks the reduction." Id., citation omitted.
In this case, the magistrate found that Mr. Stenger, even after the loss of his salary, had sufficient assets to continue paying spousal support. The magistrate also found that Mrs. Stenger continued to have a need for support. The magistrate further found that it appeared that the loss of the salary was the result of collusion between Mr. Stenger and Moss; in other words, the decision to cut the salary was not unilaterally made by Moss. The trial court affirmed the magistrate's decision and stated that there was "no reason to believe that [Mr. Stenger] does not still have considerable earning capacity."
We cannot say that the magistrate erred in finding that the termination of the salary was the result of collusion. As of December, 1997, the company had a net worth of more than one million dollars, and Moss was continuing to receive a salary in excess of $100,000 per year. The termination was made at a time when Mr. Stenger was embroiled in a divorce action with his second wife. The evidence showed that Mr. Stenger was an part-owner of the company, and that he did in fact perform services for the company. The magistrate was in the best position to judge the credibility of Mr. Stenger and Moss regarding the reason for the termination, and we cannot say that the magistrate's determination was against the manifest weight of the evidence.
Furthermore, the finding that Mr. Stenger still had earning capacity was supported by the fact that he had continued to perform services for the company until the decision to terminate the salary was made.
Mr. Stenger had the right to sell his interest in the dealership, subject only to Moss' right of first refusal. There is no evidence in the record to establish that Mr. Stenger's interest was not marketable. A trial court is within its discretion to impute income from an asset having substantial value that is convertible to cash. It appears that the trial court did so, but mistakenly referred to the imputed income as "interest" income.
From our review of the record, it appears that the magistrate and the trial court appropriately considered the factors set forth in R.C. 3105.18(C)(1) in determining whether to modify the support order. We conclude that the finding that Mrs. Stenger was in need of support, and that Mr. Stenger had ample assets to permit him to continue paying support are supported by the record.
Because the trial court did consider the factors set forth in R.C. 3105.18(C) in determining whether spousal support is still reasonable and necessary, and because it is clear from the record that Mrs. Stenger is in need of support, we cannot say that the trial court erred by failing to terminate spousal support.
Accordingly, the First Assignment of Error is overruled.
 IV
All of Mr. Stenger's Assignments of Error being overruled, the judgment of the trial court is Affirmed.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
David H. Fuchsman, Thomas M. Baggott, Hon V. Michael Brigner
[1] Obviously, Mr. Stenger is free to predicate a subsequent motion to terminate or modify spousal support upon the demise of the dealership. The propriety of the trial court's disposition of his 1998 motion must be reviewed with reference to the facts in the record of the proceedings in the trial court.