OPINION
Defendant-appellant Beverly Ann Phillips appeals from an order of the Darke County Common Pleas Court, Domestic Relations Division, denying her post-decree motion for spousal support. Ms. Phillips contends that the trial court abused its discretion by failing to award support. She further contends that the trial court's decision is not supported by the evidence.
After examination of the record, we conclude that the record supports the trial court's finding that there was no substantial change in the circumstances of the parties that would necessitate an award of support. Accordingly, the judgment of the trial court is Affirmed.
 I
The parties were divorced by decree filed on June 9, 1999. In the decree, the trial court denied Ms. Phillips' request for spousal support. The financial circumstances of both parties at the time of the divorce were modest. Upon appeal, the judgment of the trial court was affirmed. See, Phillips v. Phillips (March 17, 2000) Darke App. No. 99 CA 1495, unreported.
On August 5, 1999, shortly after the divorce decree was entered, Ms. Phillips filed a motion for spousal support claiming that a change in circumstances necessitated an award of support. A hearing on the motion was held before the Magistrate, and was denied on the basis of the Magistrate's finding that "there has not been a change of circumstances that would warrant a spousal support order." Ms. Phillips filed objections which were denied by the trial court. An order adopting the Magistrate's decision was filed on October 5, 1999. Ms. Phillips now appeals from that order.
 II
Ms. Phillips sets forth the following two Assignments of Error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT BEVERLY ANN PHILLIPS PERMANENT SPOUSAL SUPPORT DUE TO CHANGED CIRCUMSTANCES.
 THE DECISION OF THE TRIAL COURT DENYING SPOUSAL SUPPORT TO BEVERLY ANN PHILLIPS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Ms. Phillips contends that the trial court's decision to deny her request for spousal support constitutes an abuse of discretion and that it is against the manifest weight of the evidence.
"A court that enters a spousal support order in a decree of divorce is authorized to subsequently modify its spousal support if the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of spousal support and the circumstances of either party have changed since the decree or order was entered." Joseph v. Joseph (1997), 122 Ohio App.3d 734,736, citing, R.C. 3105.18(E)(1). "The change must be one that is substantial and not contemplated at the time of the prior order."Id., quoting, Tremaine v. Tremaine (1996), 111 Ohio App.3d 703,706.
In this case, Ms. Phillips cited the following claimed changes as the basis for her request: (1) her insurance carrier changed resulting in decreased coverage and increased expenses; (2) her medical condition had worsened; (3) her sister was moving out of Ms. Phillips's apartment, and thus, her rent and utility expenses would increase; and (4) Mr. Phillips's income had increased.
We turn first to the issue of insurance coverage. At the time of the initial divorce hearing, Ms. Phillips testified that she would have to pay the sum of $316.31 per month for COBRA coverage from United Health Care ("UHC"). The insurance policy provided by UHC covered 100% of hospitalization costs and only required a three dollar co-pay for prescriptions. After that hearing, the insurance changed from UHC to Aetna. Aetna only provided coverage for 90% of hospitalization costs and required a $5 co-pay for generic drug prescriptions and a $10 co-pay for brand-name prescriptions. Additionally, Ms. Phillips's physician is not within the "network" of physicians participating in the Aetna plan; therefore, she will have to pay 30% of the cost of her visits to her doctor. The monthly premium for the Aetna policy is $211.
We note that the record is devoid of any evidence that Ms. Phillips's net medical expenses will increase. She has not shown that the cost of her prescriptions, doctor visits, or any anticipated hospitalization will exceed the amount of savings she will recognize on her premiums. She did not testify that she has a condition that now requires hospitalization, or that she will require hospitalization in the future. She also recognized the fact that she could have changed physicians, thereby avoiding the 30%, non-network physician cost. Furthermore, the record reveals that Mr. Phillips is also subject to the same decrease in medical insurance coverage that Ms. Phillips has experienced. From our review of the record, we find that the trial court did not abuse its discretion in finding that the change in health insurance carriers did not constitute a substantial change necessitating the institution of support payments.
We next address Ms. Phillips's claim that her medical condition had worsened. At the hearing on the post-decree motion, Ms. Phillips testified to the same medical conditions to which she had testified at the original hearing, with the exception of an "inner ear condition" for which she had apparently been successfully treated. Although Ms. Phillips testified that her medical condition had worsened, she failed to provide an explanation regarding, or evidence to show, how it had worsened. Again, our review of the record supports the trial court's finding of no substantial change.
Ms. Phillips also argues that she experienced a change in circumstances by reason of the fact that her sister was moving out of her apartment and would no longer pay for one-half of the rent and utilities. We note that Ms. Phillips was aware of this fact, and indeed testified that her sister would be moving out, at the original divorce hearing. Therefore, it is clear that while the change in her housing situation might be considered substantial, it is one that was contemplated at the time of the original hearing, and therefore does not constitute a change necessitating a subsequent award of support.
Finally, the record does not support the claim that Mr. Phillips's income had increased since the original hearing. Likewise, the record does not indicate that his expenses have changed since the divorce.
 We conclude that the record supports the trial court's finding that there were no substantial changes in regard to Ms. Phillips's medical condition and insurance costs or in regard to Mr. Phillips's income. We also find that the change in her living arrangements were contemplated at the time of the prior hearing. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Therefore, we find that the trial court did not abuse its discretion in denying the motion for support, and that the trial court's decision is not against the manifest weight of the evidence. Accordingly, Ms. Phillips's Assignments of Error are overruled.
 III
Both Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
 _________________________ FAIN, J.
BROGAN and YOUNG, JJ., concur.