OPINION
Defendant-Appellant, Alan Pryor, appeals a decision of the Court of Common Pleas of Marion County, Domestic Relations Division, finding him in contempt for failure to pay child support and spousal support as ordered, and refusing to grant his motion to modify the orders.
The record shows that Appellant and Plaintiff-Appellee, Kathy Pryor, were married in December 1982, with two children being born as issue of the relationship, Jennifer, d.o.b. September 24, 1986, and Katelan, d.o.b. June 25, 1993. In December 1996, Appellee filed a complaint for divorce, citing gross neglect of duty and incompatibility as grounds for termination of the marriage. Appellant answered the complaint, denying the existence of the grounds for termination.
The matter came on for final hearing before a magistrate on May 27 and 28, 1998. The magistrate issued a decision on December 11, 1998, recommending, among other things, that the court grant the parties a divorce; implement a shared parenting plan; order Appellant to pay $222 per month, per child, in child support; and order Appellant to pay an additional $200 per month in spousal support. The trial court eventually adopted these recommendations in a final entry of divorce.
Thereafter, on July 14, 1999, Appellant filed a motion to modify the support orders, claiming that a significant change of circumstances had occurred. On August 25, 1999, while Appellant's motions were still pending, Appellee filed a motion requesting the court to find Appellant in contempt for the failure to pay support in accordance with the court's prior orders. The court held a hearing on the matters on May 19, 2000. By judgment entry dated May 22, 2000, the court found Appellant in contempt. The court also overruled the motions to modify, finding that Appellant failed to demonstrate a change of circumstances. Appellant then perfected this timely appeal, setting forth two assignments of error for our review and consideration.
 Assignment of Error I The trial court erred and abused its discretion in denying Appellant's motion to modify his spousal support and child support obligations when the basis for denying modification rested on the lower court's erroneous finding that Appellant was underemployed.
 We will first address Appellant's argument that the trial court erred in refusing to grant his motion to modify the existing child support order. A court may modify an order of child support upon the occurrence of a "substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order * * *." R.C. 3113.215(B)(4). The trial court retains broad discretion in deciding what constitutes a substantial change of circumstances. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Accordingly, an appellate court will not reverse such a decision absent an abuse of discretion. Id. The term "abuse of discretion" has been defined as an unreasonable, arbitrary, or unconscionable ruling. See, e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
As a general rule, a voluntary reduction in earnings does not comprise the requisite change of circumstances so as to necessitate a modification of child support. See, e.g., Brockmeier v. Brockmeier (1993),91 Ohio App.3d 689. "The current trend in the courts of Ohio is to refuse to modify or terminate a child support obligation of one, who through his own volition, became unemployed or underemployed thereby failing in his duty to support a minor child." Barnard v. Kuppin (Sept. 10, 1999), Hamilton App. Nos. C-980360, C-980400, unreported, citing Colev. Cole (1990), 70 Ohio App.3d 188, 193. The facts and circumstances of each particular case must dictate whether a parent is voluntarily unemployed or underemployed. Rock v. Cabral (1993), 67 Ohio St.3d 108, at the syllabus.
In the case at bar, the trial court found Appellant to be "underemployed", presumably as a result of his own actions. Appellant was terminated from nineteen years of service as a maintenance worker at Purex in April 1999. At the time of his termination, Appellant earned a wage of $16 per hour. Since that time, Appellant has been self-employed in tree service and consulting businesses where he earns about $350 per week. Thus, his yearly income has been reduced by approximately $16,000 since the time of the divorce.
While we recognize that the loss of his job at Purex was a result of circumstances entirely outside of Appellant's control, the facts suggest that Appellant could have obtained employment comparable to his previous job rather than earning considerably less money in his self-employment ventures. Debbie Herringshaw of Manpower Temporary Services, testified that there are many job opportunities in Marion County, and that people who want to work, have been able to find employment. She also stated that although the pay scales differ depending on the individual employer, the least amount of pay that a maintenance worker could earn in Marion, Ohio, ranges from $8.50 to $10.00 per hour. While this testimony admittedly conflicts with Appellant's statements that he was unable to find suitable employment in order to meet his support obligation, it is well established that the trial court is in the best position to resolve factual disputes by weighing the credibility of the witnesses.Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96, 105-106. Accordingly, we conclude that the trial court did not abuse its discretion with respect to the matter of child support.
We further note that despite Appellant's contrary assertions, the trial court's failure to complete and attach a child support worksheet to the judgment entry does not constitute reversible error in this instance. We agree with the Eighth District Court of Appeals that a trial court is not required to include a worksheet as part of the record when the court decides not to modify the existing order. Orefice v. Orefice (Dec. 19, 1996), Cuyahoga App. No. 70602, unreported. "The law does not require the performance of a vain act." Morrow v. Morrow (Sept. 4, 1998), Lake App. No. 97-L-237, unreported.
With that stated, we move on to address Appellant's complaint that the trial court abused its discretion by refusing to modify the existing spousal support order. A court may modify an existing spousal support order issued as part of a divorce proceeding if the final decree contains a specific provision authorizing the court to retain jurisdiction over the matter, and the court finds that the circumstances of either party have changed. R.C. 3105.18(E)(1). According to R.C. 3105.18(F), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." Relevant case law provides that the change must be considered "substantial" in order to justify a modification. Joseph v. Joseph (1997), 122 Ohio App.3d 734,736, citing Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706. Moreover, the burden of demonstrating that a reduction is warranted is on the party seeking the modification. Joseph, 122 Ohio App.3d at 736.
Although the trial court retained jurisdiction to modify the spousal support order in the final divorce decree, the court concluded that a reduction would be inappropriate at this juncture. It is apparent from the judgment entry that the court found Appellant's current state of underemployment to be voluntary because the evidence showed that "there is and has been work available for [Appellant] commensurate with his skills and training." Since the record supports this particular finding, we do not believe that the trial court erred in denying Appellant's motion to reduce his spousal support obligation.
Appellant's first assignment of error is overruled.
 Assignment of Error II The trial court erred and abused its discretion in finding Appellant in contempt of court for failing to pay his spousal support and child support obligations when the evidence clearly demonstrated the Appellant was unable to meet these obligations.
 A prima facie case of contempt is established with proof of the alleged contemnor's failure to obey an order of the court. Rossen v. Rossen (1964), 2 Ohio App.2d 381, 384. Once a prima facie case has been demonstrated, the defendant may defend the action with evidence of an inability to comply with the order. Courtney v. Courtney (1984), 16 Ohio App.3d 329, 334. "To make a finding of civil contempt of court, the evidence must be clear and convincing." Sancho v. Sancho (1996), 114 Ohio App.3d 636, 642. Thus, a reviewing court will not reverse a finding of contempt if the record contains competent and credible evidence. Id.
The evidence is clear in this case that Appellant has failed to comply with the spousal support and child support orders since July 15, 1999. Again, Appellant maintains that he was unable to fulfill his support obligations because he has been involuntarily underemployed since that time. The trial court obviously rejected Appellant's testimony about his inability to find work comparable to his previous maintenance job, especially in light of the testimony presented by Appellee. Since weighing the credibility of witnesses and the weight to be given their testimony is a duty specifically reserved for the trial courts, Webb v.Webb (Sept. 2, 1999), Marion App. No. 9-98-99, unreported, at * * 6, we do not find that the trial court erred in refusing to accept Appellant's assertions as true.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 __________________________ WALTERS, J.
 HADLEY, P.J., and BRYANT, J., concur.