This cause was heard upon the record in the trial court. The following disposition is made:
Appellant/Cross-Appellee, Carl Noll ("Husband"), appeals from the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which denied his motion to terminate spousal support and found him in contempt for his failure to pay spousal support. After the court found Husband in contempt, it granted Husband's request to stay execution pending appeal. Appellee/Cross-Appellant, Dayle Noll ("Wife"), appeals from the decision granting the stay.
 I.
The parties to this appeal were divorced in 1998 after 27 years of marriage. As part of the divorce decree, Husband was ordered to pay spousal support to Wife in the amount of $2,000.00 per month until such time that Wife begins to collect Social Security benefits, or until the earlier of either (1) the death of either party, or (2) upon the remarriage of Wife or her residing with a nonrelative male in a state similar to marriage. On direct appeal to this court, this court found that the spousal support award was appropriate and reasonable, but remanded the matter to the trial court in order that the divorce decree be modified to include a continuing jurisdiction provision concerning spousal support. See Noll v. Noll (June 7, 2000), 9th Dist. No. 98CA007042. On July 12, 2000, the trial court amended the divorce decree to include the provision.
On February 6, 2001, Husband moved the trial court to terminate spousal support, claiming changed economic circumstances. On May 3, 2001, Wife filed a motion to find Husband in contempt for failure to pay spousal support. A hearing was held on both motions on July 17, 2001. On August 31, 2001, the court denied Husband's motion to terminate spousal support and found Husband in contempt for his failure to pay spousal support. Husband was given an opportunity to purge his contempt, and sentencing was set for December 6, 2001. Husband timely appealed. The court stayed the action with respect to the purging of the contempt and sentencing on the contempt charge. Wife timely appealed from that order. The appeals were consolidated, and we designated Wife's appeal as a cross-appeal.
 II.
Before reaching the merits of this appeal and cross-appeal, we must determine whether this Court has jurisdiction to review the orders from which the parties appeal. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88.
R.C. 2505.02 provides, in pertinent part:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment [.]"
We first address the portion of the trial court's order that denied Husband's motion to terminate spousal support. A special proceeding under R.C. 2505.02 is one that is specially created by statute and that was not denoted as an action at law or a suit in equity prior to 1853. R.C.2505.02(A)(2). Divorce proceedings were not recognized at common law and are "purely a matter of statute." State ex rel. Papp v. James (1994),69 Ohio St.3d 373, 379. Therefore, an order regarding the termination of spousal support, entered into pursuant to a divorce action, is an order entered in a special proceeding pursuant to R.C. 2505.02. See id.
To be a final, appealable order, the order must also affect a substantial right. R.C. 2505.02. A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The portion of the order denying Husband's motion for termination of spousal support affects a substantial right. Therefore, it is properly before us, as it is a final, appealable order.
Husband also appeals the portion of the trial court's order which found him in contempt for failing to pay spousal support. The court stated:
 "Defendant is found in contempt for failing to pay spousal support as originally ordered. Defendant is in arrears $13,338.53 as of the date of trial on this matter. Defendant may purge his contempt by paying $5,000 forthwith and the balance of the arrears to be paid before November 30, 2001. Matter is set for sentencing December 6, 2001 at 8:30 a.m."
Contempt of court consists of both a finding of contempt and the imposition of a penalty or sanction. Cooper v. Cooper (1984),14 Ohio App.3d 327, 328. Until the penalty or sanction is imposed by the court, the order is not a final, appealable order. Id. at 328-329. "The mere adjudication of contempt is not final until a sanction is imposed." Id. at 329.
The trial court expressly stated that sentencing on Husband's contempt was to be held at a later date. The court also stayed the sentencing hearing pending appeal. Therefore, there was no imposition of a penalty or sanction, and, as such, the portion of the order finding Husband in contempt is not final and appealable. We therefore do not have jurisdiction to review this portion of Husband's appeal. Accordingly, we do not address Husband's second assignment of error, as it relates solely to the finding of contempt.
We now turn to Wife's cross-appeal. Wife appeals from the trial court's stay of Husband's contempt pending appeal. The entry states in full:
 "Defendant's Motion for Stay pending appeal is hereby granted with respect to purge and sentencing on contempt charges only. Defendant's current spousal support order remains in full force and effect. Sentencing hearing is hereby continued until appellate ruling from the Court of Appeals."
Contrary to Wife's contentions that the trial court's order granting the stay affected her rights to receive spousal support, the order specifically stated that the current spousal support order was to remain in effect. Only the contempt was stayed. The order granting the stay of the contempt proceedings affected no substantial rights, and therefore, this order is not final and appealable. See Milo v. Milo (1984),9 Ohio St.3d 115, 116. Accordingly, we do not have jurisdiction to review this order. Wife's cross-appeal is dismissed.
The only portion of the appeal that is properly before us is the denial of Husband's motion to terminate spousal support. Husband raises one assignment of error concerning his motion.
 III. Assignment of Error No. 1 "THE TRIAL COURT ERRED IN FAILING TO MODIFY OR TERMINATE CARL NOLL'S SPOUSAL SUPPORT OBLIGATION."
Husband argues that the trial court erred when it failed to modify or terminate the spousal support order. We disagree.
We review a trial court's decision concerning termination or modification of spousal support under an abuse of discretion standard.Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. at 218.
R.C. 3105.18(E) provides that the trial court may modify the amount or terms of a spousal support order upon a determination that the circumstances of either party have changed, provided that the trial court retained jurisdiction with respect to the spousal support. A change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change must be substantial and one that was not contemplated at the time of the previous order. Joseph v. Joseph (1997), 122 Ohio App.3d 734, 736.
The party seeking the modification or termination bears the burden of proving that modification or termination is warranted. Id. Only where the person seeking modification shows that there has been a substantial change in financial circumstances not anticipated at the time of the original decree, does the court have jurisdiction to consider the modification. Id. Once the movant demonstrates the substantial change of circumstances, the moving party still has the burden of showing that the current award is no longer "appropriate and reasonable." R.C. 3105.18(C).
The court considers the following factors when determining whether spousal support is appropriate and reasonable:
"(a) The income of the parties, from all sources, * * *
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any parties contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).
This Court notes that Husband moved the trial court only to terminate
spousal support. At no time did Husband move to modify the support. Therefore, the trial court did not abuse its discretion in failing to modify spousal support, as it did not have such a motion before it.
The evidence presented at the hearing revealed the following. Husband is an attorney, and the majority of his practice focuses on personal injury. James Miraldi testified on behalf of Husband. Miraldi is an attorney in Lorain County who also concentrates on personal injury cases. He stated that there have been some adverse changes over the past few years concerning the area of personal injury. Miraldi noted changes in advertising, which increased the competition with lawyers from Cleveland. He also noted general changes in the way juries respond to personal injury cases and that juries were more conservative than in previous years. On cross-examination, he admitted that the Ohio Supreme Court has issued some opinions that positively affect the personal injury area, including cases in the area of uninsured/underinsured insurance and cases removing certain limits on recoveries in tort actions. He testified that he did not review Husband's cases, nor does he know the makeup of Husband's cases and what percentage of Husband's cases are personal injury actions.
Husband testified his overall number of cases is dropping, and has been for some time. Husband admitted that he is handling more estates and performing more estate planning than he handled previously, but he has not changed his work habits. Husband stated that when he receives a case, it might take over a year and one half or two years before he earns any income on it.
Husband's income tax returns reveal a business income in the amount of $126,343 for 1998, $27,577 for 1999, and $21,608 for 2000. His adjusted gross income for those years was $101,729 for 1998, $1,481 for 1999, and $-1259 for 2000. Husband testified that the discrepancies between his business income and adjusted gross income are due to payments for spousal support, self-employment taxes, self-employment health insurance, and IRA deductions.
Husband estimates his monthly expenses at $5263.00, for a total annual amount of over $63,000. When the current order for spousal support is added in, the amount becomes $7305 per month and over $87,000 per year. Husband lives in a residence that was appraised at the time of the divorce at over $400,000. His monthly obligation for his residence, including his mortgage payment, real estate taxes, and property insurance is approximately $2786, for a total amount of over $33,000 per year. Husband testified that he is current in his payments for his mortgage, taxes, and insurance. He stated that he has borrowed money from a home equity line of credit since 1999 in order to meet his spousal support obligation and pay his monthly expenses. He testified that the current amount owed on the line of credit was approximately $90,000, but that $25,000 of this was used to pay for advertising for his law practice.
Barbara Burke testified for Wife. She provides vocational rehabilitation career consulting. She testified that Wife gave her Husband's educational and professional background. Using this information and data regarding the geographic area of the Cleveland, Lorain, and Elyria Metropolitan Statistical Area from the U.S. Department of Labor, the Bureau of Labor Statistics, and Ohio Job Family Services, Burke estimates that an individual with a background like Husband's can earn a conservative salary of $60,000 to $80,000 per year. On cross-examination, she admitted that she did not consider the nature of personal injury practice. She also did not specifically compare salaries of attorneys in Lorain County with those in Cuyahoga County.
Wife's income tax returns reveal an income from wages of $24,806 for 1998, $24,828 in 1999, and $24,642 in 2000. She testified that her monthly expenses average $3514.00.
The trial court found that "[a]ll of the asserted changed circumstances [Husband] contends are relevant for this Court's determination have not changed since the initial determination[.]" The initial divorce decree noted the same changes Husband claims are now affecting his income. The decree stated:
 "[Husband] presented testimony from a witness and his own testimony to suggest that the practice of law for personal injury attorneys has been impacted by legislation over the past few years with a resulting reduction in earning capability. The Court is not persuaded that [Husband] is incapable of continuing to earn his historical earnings in the future. [Husband's] law practice is sufficiently diverse to enable him to earn $110,000 to $115,000 annually."
After a careful review of the record and the testimony in this case, we find that the trial court did not abuse its discretion when it failed to terminate the order awarding Wife spousal support. Husband provided the trial court with a limited amount of testimony with respect to his income and to the current value of the inventory of his cases. There was also limited testimony concerning the legal marketplace for plaintiffs' lawyers. There was no evidence of any disability or injury that would prevent Husband from earning the same type of income as he has before.
Moreover, Husband's evidence regarding his income and monthly expenses cannot be reconciled. Husband stated that he is current in his payments for his mortgage, taxes, and insurance, despite the fact that the amount needed for these payments alone is, by far, in excess of his reported income for 1999 and 2000. From the sheer numbers alone, Husband cannot cover his total monthly expenses, even when taking into account the line of credit. Moreover, Husband remains current in these household expenses, but has neglected to pay spousal support since January 2001.
Given the evidence presented to the trial court, we cannot say that the trial court abused its discretion in denying Husband's motion to terminate spousal support. Accordingly, Husband's first assignment of error is overruled.
 IV.
Having overruled Husband's first assignment of error, we affirm the trial court's decision denying Husband's motion to terminate spousal support. As this Court does not have jurisdiction to review the trial court's order finding Husband in contempt, we do not review that finding. Because we do not have jurisdiction to review Wife's cross-appeal, the cross-appeal is dismissed.
CARR, J., BATCHELDER, J. CONCUR.