This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Stuart Simcox, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion to modify spousal support. We reverse and remand for further proceedings consistent with this opinion.
 I. {¶ 2} Appellant Stuart Simcox ("Husband") and Appellee Marianne Simcox ("Wife") were married on April 1, 1983 and were granted a divorce on June 6, 2000. As part of the divorce decree, Husband was ordered to pay spousal support to Wife in the amount of $1650 per month and child support in the amount of $1330.60 per month for the couple's two children. On February 12, 2002, Husband filed a motion to modify spousal support and child support. After a hearing, the trial court granted the motion with respect to the child support, reducing the amount of child support to $683.21 monthly for both children, and denied Husband's motion with respect to spousal support. This appeal followed. Husband raises three assignments of error. For ease of discussion, we will address the assignments of error together.
 II. Assignment of Error I
"The trial court erred in determining that a sixty percent (60%) decrease in gross income was not a drastic change in circumstance."
 Assignment of Error II
"The trial court erred and abused its discretion in denying modification of spousal support of $1650.00 per month where appellant's income is $43,330.00 and he has an additional child support obligation."
 Assignment of Error III
"The trial court abused its discretion by imputing income to appellee in the amount of $12,000.00 per year when the uncontroverted testimony was that appellee could earn $30,000.00 per year."
 {¶ 3} In his three assignments of error, Husband asserts that the trial court erred when it denied his motion to modify spousal support. Husband generally challenges the trial court's determination that there was not a substantial change in circumstances for a modification in spousal support. Husband argues that his annual income has decreased from $102,100 to $43,330, that the trial court erred in including in his projected income capital gains from the sale of real properties, which were nonrecurring items, that his health is declining, and that the court erred when it imputed income of only $12,000 to Wife.
 {¶ 4} We review a trial court's decision concerning termination or modification of spousal support under an abuse of discretion standard.Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. at 218.
 {¶ 5} R.C. 3105.18(E) provides that the trial court may modify the amount or terms of a spousal support order upon a determination that the circumstances of either party have changed, provided that the trial court retained jurisdiction with respect to the spousal support. A change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change must be substantial and one that was not contemplated at the time of the previous order. Joseph v. Joseph (1997), 122 Ohio App.3d 734, 736. "[I]n order to merit any adjustment, the requisite change in the [parties'] economic situation must be of such a degree as to be described `drastic.'"Mottice, 118 Ohio App.3d at 734.
 {¶ 6} The party seeking the modification or termination bears the burden of proving that modification or termination is warranted. Joseph,122 Ohio App.3d at 736. Only where the person seeking modification shows that there has been a substantial change in financial circumstances not anticipated at the time of the original decree or prior order, does the court have jurisdiction to consider the modification. See id. Once the moving party demonstrates the substantial change of circumstances, the moving party still has the burden of showing that the current award is no longer "appropriate and reasonable." See R.C. 3105.18(C).
 {¶ 7} In this case, the trial court imputed Wife's income to be $12,000. Wife testified that she earned $3500 in 2001 and that she currently works less than 20 hours per month, earning $15 per hour. She stated that she could "absolutely" work 40 hours per week, but that she did not have reliable transportation at the time. Wife testified that she is in the field of merchandising and she is in the process of building up a business. We cannot say that the trial court abused its discretion when it imputed $12,000 to her. Husband's third assignment of error is overruled.
 {¶ 8} The trial court determined that there had not been a substantial change in circumstances. At the time of the divorce, Husband's annual income included a base salary of $72,800, $24,000 in rental income, an automobile allowance of $4,800, and interest income of $500, for a total of $102,100. Husband's tax return for 2001 indicates that his base salary had decreased to $40,600, rental income had decreased to $1949, and interest income totaled $764, for a total of $43,330. Husband reported $21,708 in capital gains, due to the sale of two properties, a boat, and a corporation.
 {¶ 9} The trial court found that Husband's business continues to struggle. The corporation's tax returns indicate that it lost $114,032 in 2000, and lost $96,458 in 2001. Additionally, from the period of 1999 until 2002, Husband's number of employees has decreased. In 1999, he employed nine full-time and eight part-time salespersons. In 2002, those numbers had dropped to six full-time and one part-time salesperson.
 {¶ 10} The record reveals that Husband owns five properties. One is his residence, and one is his office. The three remaining properties include two condominiums in Florida, one of which Husband claims cannot be rented due to flooding damage, and the former marital residence. The business property is security for the corporation's primary factor, Charles Racin, who has a lien on the property. Husband has pledged the equity in the former marital residence to Racin, also as security.
 {¶ 11} The trial court noted that both parties live beyond their means. Since the divorce, Husband purchased a new home for $215,000. Husband has a $160,000 mortgage on the property. As a down-payment, he borrowed $50,000 from the corporation's primary factor, Racin. Wife also purchased a home after the divorce for $167,000, with a mortgage of $136,000. She refinanced prior to the hearing, and her monthly mortgage payments are now $1100.
 {¶ 12} The trial court noted that it was concerned that Husband "may have diminished some of his income so that he does not have to pay the present amount of child support and spousal support." The court continued: "However, without any expert testimony as to what his income might be, this Court accepts the grim fact that [Husband's] present rental income, salary, and interest income has been substantially diminished." Although the court noted that Husband's income had substantially diminished, the court found that there was not a substantial change of circumstances to modify the spousal support, "considering [Husband's] income from all sources, his assets, and his earning ability." The court also acknowledged that Husband may show capital gains income for the sale of his remaining properties that could be used to pay support.
 {¶ 13} This Court notes that Husband's income has decreased by almost sixty percent since the time of the divorce. The decrease in Husband's income resulted in the trial court's modification of the amount of child support ordered from $1330 per month to $683 per month. Given the drop in Husband's income and rental income, we find that there was a substantial change of circumstances to modify spousal support. The fact that Husband may have capital gains income in the future does not change this analysis. Accordingly, we conclude that the trial court abused it discretion when it denied Husband's motion to modify spousal support when it determined that there was not a substantial change in the financial circumstances of Husband. Husband's first and second assignments of error are sustained.
 III. {¶ 14} Having sustained the assignments of error, we reverse the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, and remand for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Whitmore, J. and Batchelder, J. concur.