[Cite as *Bowman v. Bowman*, 2017-Ohio-4142.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deborah H. Bowman [nka Hayden], | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-60 |
| v. | : | (C.P.C. No. 04DR-1009) |
| Louis L. Bowman, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 6, 2017

**On brief:** *Reash Law Offices, LLC,* and *Maryellen Corna Reash,* for appellee.

**On brief:** *Robert C. Hetterscheidt,* for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Louis L. Bowman, appeals from the January 19, 2017 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion to terminate or modify spousal support to plaintiff-appellee, Deborah Hayden, aka Deborah H. Bowman. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties were married on September 30, 1977, and there were five children born as issue of the marriage. On March 15, 2004, appellee filed for divorce. The parties were divorced on March 15, 2007, through an agreed judgment entry and decree of divorce ("Agreed Divorce Decree"). In the Agreed Divorce Decree, it was stipulated

that, in 2006 (the year prior to the divorce), appellant earned $254,441, and appellee earned $49,505.

{¶ 3} Pursuant to the agreement of the parties, appellant was to pay the sum of $6,000 per month to appellee as spousal support. The Agreed Divorce Decree states that "such support shall be indefinite and subject to the continuing jurisdiction of the Court to modify the amount and the term of such support upon motion of either plaintiff or defendant and a showing of changed circumstances, pursuant to R.C. 3105.18(E)." (Mar. 15, 2007 Agreed Divorce Decree at 6.) On April 13, 2007, appellant remarried, and his new wife had two daughters who were minors at that time.

{¶ 4} On March 31, 2014, appellant filed a supplemental motion to terminate or modify spousal support. On October 20, 2014, appellee filed a cross-motion to modify spousal support. The matter proceeded to an evidentiary hearing before a magistrate on September 15, 2015. The magistrate issued a decision on September 27, 2016, denying both motions. In regards to appellant's motion, the magistrate found a substantial change of circumstances based on: (1) appellant's decrease in hourly wage rate; (2) appellant's increase in work hours; (3) appellant's increase in income; and (4) appellee's decrease in income. However, even with this finding, the magistrate concluded that the "spousal support continues to be appropriate, reasonable and equitable at the rate of $6,000.00 per month." (Sept. 27, 2016 Mag. Decision at 24.)

{¶ 5} Appellant filed objections to the magistrate's decision on October 5, 2016, and supplemental objections on January 3, 2017. Appellee filed objections on October 17, 2016. In addition, oral arguments were held on January 10, 2017 before the trial judge. On January 19, 2017, the trial court issued its decision and judgment entry finding that no substantial change in circumstances had occurred and, as relevant to this appeal, concluded:

> The Court acknowledges that the Magistrate found a "substantial" change of circumstances and as such, made further findings as to an appropriate amount. This Court having found no substantial change does not need to review the factors set forth in R.C. 3105.18(F). However, the Court having previously reviewed the transcript and exhibits would find no basis upon which to reach a different conclusion from the Magistrate when applying R.C. 3105.18 as to an appropriate ongoing Order.

* * *

> The Court hereby OVERRULES the Plaintiff's and Defendant's *Objections*. Rather than repeat the Findings of the Magistrate, the Court approves and adopts the Magistrate's Findings and Decision, except as modified herein.
>
> Therefore, the Magistrate's Decision issued on September 27, 2016 is hereby affirmed.

(Emphasis sic.) (Jan. 19, 2017 Decision and Jgmt. Entry at 6-7.)

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant appeals and brings the following assignment of error:

> THE TRIAL COURT ABUSED ITS DISCRETION AND FAILED TO FOLLOW THE STATUTE IN ITS DETERMINATION THAT NO "SUBSTANTIAL CHANGE OF CIRCUMSTANCES" HAD OCCURRED SINCE THE TIME OF THE DIVORCE OR THE PREVIOUS COURT ORDER AS IT APPLIES TO SPOUSAL SUPPORT.

## III. DISCUSSION

{¶ 7} Appellant alleges in his sole assignment of error that the trial court abused its discretion and failed to follow R.C. 3105.18 in its determination that no "substantial change of circumstances" had occurred as it applies to spousal support.

{¶ 8} An appellate court will not reverse a trial court's determination in setting spousal support unless the award results from an abuse of discretion. *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 94 (1988). An abuse of discretion connotes more than a mere error in law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} We recently stated the law regarding modification of spousal support in *Talley v. Talley*, 10th Dist. No. 15AP-812, 2016-Ohio-3533, ¶ 17-18:

> "A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-

Ohio-1222, paragraph two of the syllabus. See also *Friesen v. Friesen*, 10th Dist. No. 07AP-110, 2008-Ohio-952, ¶ 39 ("A change in circumstances justifying a modification of spousal support must be material, not brought about purposely by the moving party, and not contemplated at the time of the prior order."). R.C. 3105.18(F)(1) provides:

[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was for[e]seeable.

* * * Thus, "[a]lthough R.C. 3105.18(F) sets forth a partial listing of what can be considered as a change of circumstances * * * for purposes of establishing trial court jurisdiction, it does not alter the requirement that a trial court must find a substantial change in circumstances before modifying a prior order for spousal support." *Mandelbaum* at paragraph one of the syllabus.

"The party who seeks a modification of spousal support bears the burden of showing that a modification is warranted." *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, ¶ 14 (10th Dist.). The burden of proof has two parts. *Id.*, citing *Joseph v. Joseph*, 122 Ohio App.3d 734, 736-37 (2d Dist.1997). "First, the moving party must present evidence proving the jurisdictional prerequisites—the reservation of continuing jurisdiction in the decree and the existence of a substantial change in circumstances not anticipated at the time of the divorce." *Id.*, citing *Peters v. Peters,* 12th Dist. No. CA2009-04-037, 2009-Ohio-5929, ¶ 15. "Second, the moving party must adduce evidence demonstrating that the existing award of spousal support is no longer appropriate and reasonable." *Id.*, citing *Churchia v. Churchia*, 11th Dist. No. 2008-G-2846, 2009-Ohio-1486, ¶ 13. See also *Joseph* at 736 ("Even after the movant demonstrates a substantial change of circumstances, the burden does not shift to the obligee to demonstrate a continuing need for

support, or that the existing award is unnecessary or unreasonable.").

In addition, the change in circumstances must be substantial, meaning that it is drastic, material, and significant. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 440, 2009-Ohio-1222.

{¶ 10} Here, the Agreed Divorce Decree expressly reserved the trial court's jurisdiction to make modifications in spousal support. Therefore, the trial court was required to consider whether (1) a substantial change in circumstances had occurred, and (2) such change was not contemplated at the time of the original decree. *Mandelbaum* at paragraph two of the syllabus.

{¶ 11} Appellant argues that the entire issue before the court was whether or not he should be forced to work in excess of 60 hours per week in order to maintain his current spousal support obligation. Appellant admits that his income has increased since 2007—from approximately $250,000 to over $300,000. However, he claims that because his hourly wage has decreased from $100 per hour in 2007, to $81 per hour presently, that he was forced to work increasingly more hours and multiple jobs in order to maintain payment of the spousal support. In addition, appellant claims that his monthly expenses have risen from less than $10,000 in 2007, to over $14,000 presently.

{¶ 12} Appellant also points out that appellee's income has decreased from the 2007 earnings of approximately $49,500, to $36,000 in 2014, despite her having earned a Master's degree in nursing subsequent to the divorce. Appellant argues that despite the parties' actual earnings, his income should be based upon his hourly rate of $81 per hour for a 40 hour week, i.e., $168,480, and appellee's income should be established at $49,505 per year, the amount she was earning in 2007.

{¶ 13} Appellee argues that appellant works additional hours voluntarily, and that any duress that he suffers financially is of his own doing, in that he voluntarily incurred many thousands of dollars of monthly expenses after his divorce. As evidence, appellee notes that appellant purchased a new 3,600 square foot house tripling his housing expense. (Tr. at 61-63.) He purchased two time-share properties—one in Cancun and one in the Bahamas. (Tr. at 58-59.) He took on expenses for his new wife's now adult daughters—$1,100 per month for tuition, $840 per month for college housing, $267 for

car payments, plus car insurance and cell phones. (Tr. at 54-56.) Appellant admitted, at the hearing, that he entered into each of these new expenses with the knowledge that he would still have to pay the court-ordered spousal support. (Tr. at 63.)

{¶ 14} In addition, appellant has the option to work, as he has in the past, for a single employer as an ER doctor, for fewer hours at a much higher rate of pay, i.e., $125 to $150 per hour, but chooses not to do so. (Tr. at 52.) Finally, appellee alleges that appellant seeks to avoid the commitment he entered into with appellee, so that he can live an even more extravagant lifestyle with his new wife and her children.

{¶ 15} In the court's decision filed on January 19, 2017, the court determined that there was no "substantial change of circumstances" sufficient to allow the court to review the previous spousal support ordered by this court.

{¶ 16} The trial court found that, generally, appellant's hourly wage rate has decreased over the eight-year period of time since the divorce. However, his income has increased from $254,000 to over $300,000. Appellant's monthly expenses increased from roughly $10,000 to $14,000. Appellee's income has decreased from $49,000 to $36,000 during the same time period, while her monthly expenses rose from $7,500 to $9,000.

{¶ 17} The trial court also found that, in 2007, appellee's income was $49,505 and $36,795 in 2014. The court noted that since 2007, the appellee has been able to obtain her Master's degree in nursing. However, her employment history has been inconsistent, showing numerous jobs over the span of time. The court stated that "with no evidence reflecting a physical or psychological disability that may prevent full-time employment, the Court finds there to be no basis to suggest that Plaintiff could not or should not be earning income comparable to the income that she earned at the time of the divorce, specifically $49,505.00." (Decision and Jgmt. Entry at 5.)

{¶ 18} The trial court noted that, on its face, appellant's monthly expense increase of roughly 42 percent could be characterized as "substantial." (Decision and Jgmt. Entry at 6.) However, the court found the increase not to be of the nature contemplated by the statute because "[t]he increases incurred by the Defendant are expenses that he voluntarily incurred post-divorce. None of the new and/or additional expenses incurred by the Defendant could be characterized as [involuntary] in nature." *Id.*

{¶ 19} As such, the trial court did not find that a substantial change had occurred under the statute. The trial court stated that "the Court is fully cognizant of the strain upon the Defendant to maintain his present income. The Court cannot, however, reduce Defendant's obligation until such time as an "actual" change in circumstances occurs. The Court cannot expect the Plaintiff to accept less spousal support until such time as Defendant has reduced his income as well." *Id.*

{¶ 20} The trial court approved and adopted the magistrates findings and decision, except as modified, i.e., the magistrate had found a substantial change while the trial court did not, however, in either case the amount of spousal support remained unchanged, i.e., $6,000 per month. The court stated that, in light of its finding that there was no substantial change in circumstances, there was no "need to review the factors set forth in R.C. 3105.18(F)." *Id.* However, the court did note that "having previously reviewed the transcript and exhibits would find no basis upon which to reach a different conclusion from the Magistrate when applying R.C. 3105.18 as to an appropriate ongoing Order." *Id.*

{¶ 21} Prior to ruling, the trial court reviewed the record, including the trial transcript, and held oral argument on the parties' objections. After a thorough review of the record, we conclude that competent, credible evidence supported the trial court's decision to adopt, as modified, the magistrate's decision and deny appellant's motion to modify or terminate spousal support, and the trial court did not abuse its discretion in finding that no actual change in circumstance had occurred. Appellant's assignment of error is overruled.

## IV. DISPOSITION

{¶ 22} Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————