OPINION
{¶ 1} Plaintiff-appellant James DeChristefero ("appellant") appeals from the modification of his spousal and child support obligations by the Trumbull County Court of Common Pleas, Domestic Relations Division.
{¶ 2} On May 29, 2001, appellant filed a motion for modification of his spousal and child support obligations. Appellant claimed a modification was necessary due to a change in circumstances. In the parties' April 30, 2001 divorce decree, appellant was ordered to pay $830 per month in child support. His spousal support obligation was $1,250 per month from May 1, 2001 through April 30, 2003. The spousal support payment would then decrease to $1,000 per month before ceasing after December of 2004.
{¶ 3} A hearing on appellant's motion was held on November 16, 2001. Appellant testified that he earns $43,735 per year as a teacher. Appellant admitted to having rental property but stated it did not generate much income. That rental property, the Abbey Center, is a four-unit strip retail center. Two of the units were rented at the time of the hearing. Defendant-appellee Nancy DeChristefero ("appellee") testified that she now earns $8.20 per hour and is employed full-time.
{¶ 4} The magistrate determined that appellant had an income of $47,600 per year and that appellee's current annual income was $17,056. The magistrate found that the increase in appellee's income constituted a change in circumstances. Appellant's spousal support obligation was decreased to $1,050 per month until April 30, 2003 and to $800 from May 1, 2003 through December 31, 2004. Appellant's child support obligation was modified to $540.00. The trial court approved the magistrate's decision on January 3, 2002.
{¶ 5} Appellant filed objections to the magistrate's decision on January 10, 2002. Appellant objected to the finding that he has an income of $4,600 from the Abbey Center because the evidence did not support the amount. Appellant also objected to the finding that appellee's liabilities had remained the same. Appellant asserted the magistrate's decision did not take into account certain statutory changes in how child support is calculated. The trial court overruled appellant's objections on January 22, 2002.
{¶ 6} Appellant assigns the following errors for review:
{¶ 7} "[1.] The trial court committed reversible error by modifying the award of spousal support paid by Appellant to Appellee without Appellee presenting evidence of accurate current reasonable and necessary living expenses or other factors contained in R.C. 3105.18(C)(1)(a-n).
{¶ 8} "[2.] The trial court committed reversible error by failing to make a finding as to the true income of the parties.
{¶ 9} "[3.] The trial court committed reversible error by creating a new legal theory in determining whether there is to be a modification of spousal support by ignoring R.C. 3105.18(C)(1)(a)(i).
{¶ 10} "[4.] The trial court committed reversible error by setting forth a spousal support obligation against the Appellant which is not equitable when the net remaining monthly income of the Appellant exclusive of taxes, child support and spousal support is $400.00 per month on a gross income of over $43,000.00 per year.
{¶ 11} "[5.] The trial court committed reversible error by using the inappropriate income figure of the Appellant on the worksheet to determine child support."
{¶ 12} In his first assignment of error, appellant claims the trial court erred by modifying his spousal support obligation without receiving an accurate statement from appellee regarding her living expenses. Appellant asserts that the exhibit offered to the court by appellee was prepared in August of 2000, well before the hearing on his motion to modify.
{¶ 13} A court may modify an award of spousal support if there has been a substantial change in the circumstances of either party that was not contemplated at the time of the existing award. Moore v. Moore (1997),120 Ohio App.3d 488. A "substantial change" exists when the change is of such a degree as to be described as drastic. Mottice v. Mottice (1997),118 Ohio App.3d 731. Circumstances which may be considered include, but are not limited to, any increase or involuntary decrease in a party's wages, salary, bonuses, living expenses, or medical expenses. R.C.3105.18(F). The party seeking the modification bears the burden of proof. Joseph v. Joseph (1997), 122 Ohio App.3d 734. Following a showing that a substantial change in circumstances exists, the moving party still bears the burden of showing that the current spousal support award is no longer appropriate and reasonable. R.C. 3105.18(C).
{¶ 14} An appellate court will not disturb a modification of spousal support absent an abuse of discretion. Mottice, supra. An abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 15} While need is not a basis for an award of spousal support by itself, it is a factor to consider. The relevant question is what is appropriate and reasonable under the circumstances, after the factors set forth in R.C. 3105.18(C) have been considered. The court does not have to consider whether the spouse receiving the award actually needs it, but should determine whether the award is fair and equitable and in accordance with the law. McClellan v. McClellan, 9th Dist. No. 21065, 2002-Ohio-6118, 2002 Ohio App. LEXIS 5962.
{¶ 16} Reliance on inaccurate information in making or modifying a spousal support award will not always constitute an abuse of discretion. However, an abuse of discretion may be shown where a substantial error occurs because of the mathematical miscalculation. Ott v. Ott, 12th Dist. No. CA2001-09-207, 2002-Ohio-2067, 2002 Ohio App. LEXIS 1991.
{¶ 17} At the hearing, appellant's counsel cross-examined appellee regarding the expense exhibit, noting the deletions and additions. Appellee admitted some of the expenses were high, but the amounts in question were not significantly higher than shown on the exhibit. The additional expenses were for her health, life, and house insurance. Appellee, on cross-examination, stated she had not received any spousal support from appellant since the date of the divorce judgment entry.
{¶ 18} Appellant had the opportunity to question appellee about her current expenses at the hearing. Some of the expenses were slightly lower than shown on the exhibit and there were other expenses incurred after the entry of divorce. There was no substantial difference between the expenses at the time the exhibit was prepared and at the time of the modification hearing supporting a determination that the trial court abused its discretion in adopting the magistrate's finding. Appellant's first assignment of error is overruled.
{¶ 19} Appellant's second assignment of error challenges the trial court's finding that he earned $47,600 per year. Appellant asserts his income is actually $43,735, representing his teaching salary.
{¶ 20} Appellant ignores his own admission that the rental income from Abbey Center should be added to his teaching salary to arrive at his gross income. Appellant did not present the records for Abbey Center to the court at the modification hearing. The circumstances at the retail establishment did not appear to have significantly changed since the divorce hearing as two of the four units were rented at both times. The magistrate questioned appellant concerning any change in circumstances with regard to the Abbey Center and found none. The magistrate correctly included the rental income in appellant's gross income. Appellant's second assignment of error is without merit and is overruled.
{¶ 21} In his third assignment of error, appellant contends the trial court erred by not considering appellee's living expenses. Appellant maintains it was error for the magistrate to state only financial changes in a person's income would be considered and not appellee's actual living expenses.
{¶ 22} As stated above, a trial court may modify an award of spousal support if there has been a substantial change in the circumstances of one or both of the parties. That change in circumstances must not have been contemplated at the time of the existing award. The magistrate permitted appellant to testify regarding his belief as to what appellee's living expenses are, as she resides in the former marital residence. Appellant did not show that appellee's expenses changed since the divorce decree but tried to challenge her exhibit relating to her expenses with his own testimony on his former wife's household expenses. There was no abuse of discretion in the magistrate's finding regarding appellee's expenses because appellant did not meet his burden of demonstrating a substantial change. Appellant's third assignment of error is overruled.
{¶ 23} In his fourth assignment of error, appellant contends the trial court erred in its award of spousal support. Appellant asserts his spousal support obligation is inequitable because he only has $400 per month left after all his expenses and deductions are considered. Appellant asserts that the award must leave him with a reasonable standard of living.
{¶ 24} In his analysis of his expenses, appellant ignores the additional rental income he has at his disposal. Further, many of the expenses relate to expenses for an apartment he did not have, loans from his mother, and attorney fees, rather than his living expenses. Appellant testified at length regarding his expenses. The weight and credibility accorded to a particular witness is primarily for the trier of fact to determine. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. Appellant's figure of $400 is based upon expenses he has not entirely realized and upon an income he understates. The trial court did not abuse its discretion in reducing appellant's spousal support obligation to $1050 per month. Appellant's fourth assignment of error is overruled.
{¶ 25} In his final assignment of error, appellant asserts the trial court erred by using an inappropriate income figure in determining his child support obligation. Appellant claims that the annual income amount of $47,600 attributed to him is inaccurate and unsupported by the record.
{¶ 26} A reviewing court will not disturb a trial court's judgment concerning child support absent an abuse of discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386. When a party seeks modification of an existing child support order, the trial court is to recalculate the support using the appropriate child support calculation worksheet and schedule. A change of circumstance warranting a modification is found if the recalculated amount is more or less than ten percent of the existing obligation. Swank v. Swank, 9th Dist. No. 21207, 2003-Ohio-720, 2003 Ohio App. LEXIS 692.
{¶ 27} As determined in the prior assignments of error, there is support in the record for the annual income of $47,600, once the rental income from Abbey Center is included. The trial court modified appellant's prior child support obligation because appellee's income increased. The $17,056 yearly income attributed to appellee on the child support worksheet is supported by the evidence adduced at the hearing. The amount of the child support award is supported by the record. Appellant's fifth assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.